# U.S. COURT OF APPEALS, D.C. CIRCUIT

## No.  12-7044
### *CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO D.C. CIR. RULE 34(j)*

## T. CARLTON RICHARDSON
### *Appellant*

## vs.

## CAPITAL ONE, N.A. *d/b/a*
## CAPITAL ONE BANK, N.A.
### *Appellee*

# APPELLANT'S BRIEF

### *On Appeal from the*
### U.S. District Court for the District of Columbia
### Hon. James E. Boasberg, Judge
### C.A. No. 11-1840 (JEB)

### T. CARLTON RICHARDSON
### Appellant *Pro Se*
### 1505 Pennsylvania Avenue, SE
### Washington, DC  20003-3117

*202-546-3505*

---

## 1.0  TABLE OF CONTENTS

**1.0  Table of Contents—[2]**
**2.0  Table of Citations—[3]**
      2.1  Statutes/Rules--3
      2.2  Cases--3
      2.3  References--4
**3.0  Jurisdictional Statement—[5]**
**4.0  Issues Presented—[5]**
**5.0  Case Statement—[6]**
      5.1  Nature and Course of Proceedings--6
      5.2  Factual Background—7
           • *TABLE: Inventory of Plaintiff's Claims--9*
**6.0  Arguments—[13]**
      6.1  Summary—13
      6.2  Court Refused to Exercise, Disregarded and Misapplied Its
            Jurisdictional Powers--14
      6.3  Court Misapplied of F.R.Civ.P 12(b)(6)  Standards--18
**7.0  Conclusion—[25]**
**8.0  Certificates of Compliance & Service—26**
■ **Appendix--28**

| | |
|---|---|
| **[A:*28, 33*] Order** and **Memorandum Opinion** granting defendant's (Capital One Bank's) motion to dismiss as with prejudice as to plaintiff's "federal claim" and without prejudice as to plaintiff's "state-law claims"; and denying plaintiff's motion for summary judgment without consideration | Boasberg, J. (03/16/2012) |
| **[B:*34*] Order** denying motion to reconsider dismissal | Boasberg, J. (05/16/2012) |

| **2.0  TABLE OF CITATIONS** |
|---|

## 2.1 Statutes/Rules

### (a) U.S.

■ *Code §*

| | |
|---|---|
| 15:1601 *et seq.*—7, 9n2 | 28:1332(a)(1)—5, 6, 8, 13, 14 |
| 15:1615--24 | 28:1337—5, 7, 8, 13, 14 |
| 15:1615(b)—7, 8, 12, 23n47 | 28:1348—14n6 |
| 28:1295--5 | 28:1367(a)—5, 6, 8, 13 |
| 28:1331—5, 13, 14 | 28:1367(c)--16 |

■ *Court Rules--Civil*

| | |
|---|---|
| 8(a)—18n15, 19, 20, 26 | 15(a)--7 |
| 8(a)(2)—21n32, 21n36 | 15(a)(2)—13, 26n52 |
| 12(b)(6)—5, 6, 7, 13, 15, 18, 20-22, 22n41, 22n46, 26 | 56—6, 7n1, 13, 22 |
| 12(d)—6, 13, 22, 24 | 59(e)--6 |
| | 807--22 |

■ *Court Rules--Evid.*
   201(e)—6, 13

### (b) D.C.

■ *Code §*
   28:3901-28:3913—7, 12n4
   28:3901(b)(1)—12n4
   29:3904—12n4

■ *Court Rules--Civil*

## 2.2 Cases

*Ashcroft v. Iqbal*, U.S. 556:662, S. Ct. 129:1937 (2009) –18n18, 18n20, 19n26, 20n29-31, 21n31, 21n33
*Bell Atl. Corp. v. Twombly*, U.S. 550:544, S.Ct. 127:1955 (2007)—18n16, 18n18, 18n20, 19, 19n23, 19n25, 19n27, 20n28, 20n29-30
*Browning v. Clinton*, F.3d 292:235 (D.C. Cir. 2002)—18n19, 21n40
*Conley v. Gibson*, U.S. 355:41, S.Ct. 78:99 (1957)—18n16-17, 21n36
*E.E.O.C.* v. *St. Francis Xavier Parochial Sch.,* F.3d 117:621 (D.C. Cir. 1997)—11n43
*Erickson v. Pardus*, U.S. 551:89, 127 S.Ct. 2197 (2007)—18n16, 19n22
*Gibson v. 1st Fed. S&L of Detroit*, F.2d 504:826 (6th Cir., 1974)--14n8

*Gustave-Schmidt v. Chao*, F.Supp.2d 226:191 (D.D.C. 2002)—22n42
*Hartline v. Sheet Metal Worker's Nat'l Pension Fund*, F.Supp.2d 134:1, (D.D.C. 2000)—19n20
*Hinton v. Correction Corp. of Amer.*, F. Supp. 2d 624:45 (D.D.C. 2009)—19n21, 22n44
*Holy Land Found. for Relief & Dev. v. Ashcroft*, F.3d 33:156 (D.C. Cir. 2003)—21n39
*Jenkins v. McKeithen*, U.S. 395:411, S. Ct. 89:1843 (1969)—19n22
*Johnsrud v. Carter*, F.2d 620:29 (3rd Cir. 1980)—19n24
*Kingman Park Civic Ass'n v. Williams*, F.3d 348:1033 (D.C. Cir. 2003)—21n36
*Krieger v. Fadely*, F.3d 211:134 (D.C. Cir. 2000)—21n38
*Klein v Burke Constr. Co*, U.S. 260:266, S. Ct. 43:79 (1922)—15n11
*Younger v. Harris*, U.S. 401:37, S.Ct. 91:746 (1971)
*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coord. Unit*, U.S. 507:163, S.Ct. 113:1160 (1993)—22n41
*McCulloch v. State of Maryland*, U.S. 17:316, *406* (Wheat. 4), L.Ed. 4:579 (1819)—14n9
*Matrixx Initiatives, Inc. v. Siracusano*, U.S. 563:___, S.Ct. 131:1309 (2011)—22n42
*Murphy v. Colonial Fed. S,& L. Ass'n*, F.2d 388:609 (2d Cir. 1967)—14n8, 14n10
*Nader v. Democratic Nat'l Comm.*, F.Supp.2d 590:164 (D.D.C. 2008)—18n19
*Neitzke* v. *Williams*, U. S. 490:319, S.Ct. 109:1827 (1989)—19n23
*Norman v. B. & O. R.R.*, U.S. 294:240, S.Ct. 55:407 (1935)—14n9
*Ocasio-Hernandez v. Fortuno-Burset*, F.3d 640:1 (1st Cir. 2011)—22n42
*Osbourne v. Capital City Mortgage Corp.*, A.2d 727:322 (D.C. 1999)—12n4
*Owens v. Republic of Sudan*, F.3d 531:884 (D.C. Cir. 2008)—21n35
*Phillips v. Bureau of Prisons*, F.2d 591:966 (D.C. Cir. 1979)n13—22n41
*Railroad Com'n of Tex. v. Pullman Co.*, U.S. 312:496, S.Ct. 61:643 (1941)—15n11
*St. Clair v. Johnny's Oyster & Shrimp Inc.*, F. Supp. 2d 706:773 (S.D. Tex. 1999)—22n45
*Scheuer v. Rhodes*, 416 U.S. 232 (1974)—19n23, 21n41
*Schuler v. United States*, F.2d 617:605 (D.C. Cir. 1979)—19n23,
*Sparrow v. United Air Lines, Inc.*, F.3d 216:1111 (D.C. Cir. 2000)—22n44
*Swierkiewicz* v. *Sorema N.A.*, U.S. 534:506, S.Ct. 122:992 (2002)—19n23, 21n37
*Taylor v. FDIC*, F.3d 132:753, *761* (D.C. Cir. 1997)—21n41
*Wachovia Bank, Nat'l Ass'n v. Schmidt*, U.S. 546:303, S.Ct. 126:941 (2006)—14n7, 16n12
*Ward v. D.C. Dept. of Youth Rehab. Svcs.*, F.Supp.2d 768:117 (D.D.C. 2011)—22n42
*Warren v. D.C.*, F.3d 353:36 (D.C. Cir. 2004)—21n40
*Wyant v. Crittenden*, F.2d 113:170 (D.C.Cir. 1940)--24n52
*Younger v. Harris*, U.S. 401:37, S.Ct. 91:746 (1971)—15n11

## 2.3  References

1 Sam. 17:23-51 --16
Cecil, *et al.*, "Motion to Dismiss for Failure to State a Claim after *Iqbal*," Report to the Judicial Conference Advisory Committee on Civil Rules (03/2011)—17n13
Wright & Miller, *Federal Practice and Procedure* §5A:1364 (2004)—20n32

## 3.0  JURISDICTIONAL STATEMENT

Subject matter jurisdiction of the U.S. district court of D.C. lies alternatives in  U.S.C. §§ 28:1331 (Federal question), 28:1332(a)(1) (diversity of citizenship), and 28:1337.  For a more detailed explanation of the bases of the district court's jurisdiction, see §8.1 ("Court Refused to Exercise, Disregarded and Misapplied Its Jurisdictional Powers") *infra*.  And subject matter jurisdiction of this Court of Appeals lies in U.S.C. 28:1295 as matter of right this being an appeal from a final order of the district court.  This appeal was timely because the district court's final order (original and denial of reconsideration) appealed from  was docketed May 16, 2012 and the notice of appeal was filed May 23, 2012.

## 4.0  ISSUES PRESENTED

The questions presented raise issues related to the district court's proper exercise of Federal jurisdiction and the processes used by the court to evaluate plaintiff's complaint claims and their factual predicate under defendant's Civ. R. 12(b)(6) motion to dismiss:

**4.1**  **(a)** Did the district court properly consider *sua sponte* the sources of the court's subject matter jurisdiction under U.S.C. §§ 1331 (Federal question), 1332(a)(1) (diversity of parties), and/or U.S.C. §28:1337  (Commerce Clause laws) and was it necessary for the court to decline pendent jurisdiction under U.S.C. §28:1367(a)  *per se* or as opined in the court's dismissal of plaintiff's  so-called "state law" claims? **(b)** And whether the district court's refusal to allow plaintiff to amend his complaint denies  the defendant fair notice of all the plaintiff's claims, both statutory (Federal and D.C. local) and common law (contractual, equitable and tortious) and the grounds upon which those claims rest?

**4.2**  In granting the defendant's Civ. R. 12(b)(6) motion,  did the district court: (a) fail to consider all relevant materials, including the copy of the plaintiff's mortgage loan note attached

to the defendant's dismissal motion and the plaintiff's uncontested overpayment of a one month note payment, in adjudicating the defendant's motion; (b) take improper judicial notice, directly or indirectly, of Internet web sites and/or use other impermissible "outside" materials, for example, to define concepts such as "amortization," "actuarial method," and "Rule of 78s" (a method of amortization), and to make mathematical calculations, thereby failing to comply with the Civ. R. 56 conversion requirement of Civ. R. 12(d) and due process requirements of Civ. R. 12(d) and Evid. R. 201(e); and (c) identify and take as true the material factual allegations of the complaint and permissible "outside" documents, including mixed questions of fact and law, and construe those allegations in plaintiff's favor?

## 5.0 CASE STATEMENT

### 5.1 Nature and Course of Proceedings

This appeal arises out of the district court's convoluted grant of defendant's motion to dismiss in which the defendant alleged there was no violation of a provision of the Federal Truth-in-Lending provision alleged in plaintiff's complaint and the court's *sua sponte's* dismissal of plaintiff's other so-called "state law" claims without prejudice with a direction that the plaintiff file those claims in the D.C. Superior Court, a "local" Federal court of general jurisdiction that is considered the functional equivalent of a State court. No hearing or prior notice of given by the district court regarding its intention to direct refiling or removal of certain "state law" claims to the D.C. Superior Court.

Plaintiff Richardson moved the district court to (1) reconsider *per* Civ. R. 59(e) the court's (a) refusal to exercise U.S.C. §§1332(a)(1) and 1337 original jurisdiction and the court's improper exercise of U.S.C. §28:1367(a) pendent jurisdiction and (b) Civ. R. 12(b)(6) dismissal of the complaint for failure to state a claim upon which relief can be granted, and (3) for leave to

file an amended complaint *per* Civ. R. 15(a). Notice was also given to the court under Evid. 201(e) that plaintiff invoked his right to a hearing on all judicial notices taken during the court's adjudication of the defendant's dismissal motion.

## 5.2 Factual Background

This action arises out of the refinancing of plaintiff Richardson's D.C. residence by the defendant Capital One Bank, N.A. ("National Bank"). Plaintiff claims that the defendant Bank failed to refund undisclosed and unearned interest and a monthly payment when requested in violation of the Federal Truth in Lending Act [TILA], U.S.C. §15:1601 *et seq.*, in breach of certain duties and responsibilities under common law contract, fiduciary and tort principles, and in violation of the D.C. Consumer Protection Practices Act [DC-CPPA], D.C. Code §§28:3901-28:3913, which incorporates and awards damages for the TILA violations and the common law breaches.

Defendant Capital One Bank filed a Civ. R. 12(b)(6) motion to dismiss and attached a copy of Richardson's promissory note. The district court granted the motion to dismiss "with prejudice" by comparing factual allegations in the complaint with sources outside the complaint, defendant's contentions in its motion to dismiss and reply (at least six references), plaintiff's contentions in his opposition and cross-motion for summary judgment (at least nine references), and Internet references (at least one) and by finding that no claim existed under U.S.C. §15:1615(b), a part of the TILA. In adjudicating the defendant's motion to dismiss, the district court also made no reference to the copy of Richardson's mortgage note, although the note is foundational to the loan transaction and the note's provisions were referenced by the plaintiff in his opposition to dismissal and cross-motion for summary judgment.[1] **Nor did the court decide**

---

[1] While the district court declined to consider the plaintiff's cross-motion for summary judgment ["(a)s *the (district c)ourt does not consider Plaintiff's ('summary judgment') Motion*, (the court) need not set out

**whether or not plaintiff should be refunded the overpaid monthly payment, a claim which the defendant's dismissal motion does not address (and tacitly admits)** and which is separate and apart from the plaintiff's claim that defendant Capital One Bank was enriched by its collection and retention of unearned interest under plaintiff's promissory note.

In addition to the district court's dismissal of the plaintiff's claim under U.S.C. §15:1615(b) and disregard of plaintiff's claim for refund of the monthly payment overpaid, the court declined to exercise pendent jurisdiction under U.S.C. §28:1367(a) as to plaintiff's remaining claims, which the court identified as "state claims" and dismissed without prejudice leaving the plaintiff free to re-file those so-called "state law" claims in the local D.C. courts. The court reasoned that having dismissed plaintiff's only Federal law claim, there was no cause to retain the so-called "state law" claims since the principles of judicial economy, procedural convenience, fairness to litigants, and comity between the Federal and local D.C. courts which underlie the pendent jurisdiction doctrine would be served in this instance. However, the court did not consider *sua sponte* whether the court may have had original jurisdiction under U.S.C. §§ 28:1332(a)(1) (diversity) and 28:1337 (Commerce Clause laws).

In the complaint, plaintiff Richardson states some 6 (six) major categories of claims. They all arise out of the in-house servicing and early payoff by refinancing of the mortgage loan on Richardson's principal residence in D.C. held by defendant Capital One Bank and involves violations under Federal and D.C. local statutes governing consumer protections in financial transactions, and the common law breach of the loan agreement -- an adhesion contract – by the lender's unconscionable conduct, breaches of certain fiduciary responsibilities resulting in the

---

the standard … for summary judgment under Fed. R. Civ. P. 56" (Mem. Op.:3)], the court did reference the cross-motion's content in adjudicating the dismissal motion on at least twice occasions [Appx. "A"-- Mem. Op., 6; 9n.1].

unjust enrichment, and other consequential tortious conduct. Plaintiff's claims may be summarized as follows:

| No. | Claim | Description |
|---|---|---|
| | **INVENTORY OF PLAINTIFF'S CLAIMS** | |
| 1 | Truth-in-Lending Act[2] (TILA) Nondisclosures (Original 2003 Mortgage Loan) | 1-1 Type of amortization schedule to be employed and that the payment of interest would be accelerated or "front-ended" over the payment of principal<br>1-2 Schedule of amortized equated monthly installment (EMI) payments and the accelerated method used to allocate interest and principal portions of the EMI<br>1-3 Prepayment penalty for early payoff of loan by retention of accumulated unearned interest<br>1-4 Prepayment penalty by back-loading principal payments and not recasting or recalculating the amortization schedule when a lump sum payment on principal is made<br>1-5 (a) Surcharge of compensatory damages (including emotional distress): Double damages with $1,000 cap for failure to refund unearned interest  (b) Attorney fees and costs incurred in civil litigation |
| 2 | TILA Nondisclosures (2011 Refinancing of 2003 Mortgage Loan) | 2-1 Type of amortization schedule to be employed and that the payment of interest would be accelerated or "front-ended" over the payment of principal<br>2-2 Schedule of amortized equated monthly installment (EMI) payments and the accelerated method used to |

---

[2] The Truth in Lending Act *as amended* ("TILA"), U.S.C. § 15:1601 *et seq.,* is primarily enacted to prevent abuses in consumer credit cost disclosures and to require uniformity in such disclosures throughout the credit industry by making terms of credit known to consumers. It also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling. With the exception of certain high-cost mortgage loans, TILA does not regulate the charges that may be imposed for consumer credit. Rather, TILA requires uniform or standardized disclosure of costs and charges so that consumers can shop. ■ The specific provisions of the Act are implemented by Regulation Z. Regulation Z explains in great detail who and what is covered by the Regulation and gives the specific disclosure and other requirements that have to be met for open-end and closed-end (which includes fixed rate mortgages) credit transactions. Credit transactions of over $25,000 are exempt from the Act unless there is a security interest taken in real property or a mobile home. Specific and detailed disclosure requirements exist for all the various types of consumer transactions which fall under the disclosure mandates and prohibitions. As to closed-end credit, disclosures are also carefully delineated and regulated under the Act and its Regulation Z. The law requires disclosures to be made clearly, conspicuously, in writing and in a form that the consumer may keep and read *prior to* the loan closing. ■ From TILA's inception, the authority to implement the statute by issuing regulations was given to the Federal Reserve Board. However, on July 21, 2011, TILA's general rule making authority was transferred to the Consumer Financial Protection Bureau, which was established on that date pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act.

| | | |
|---|---|---|
| | | allocate interest and principal portions of the EMI<br>2-3 Prepayment penalty for early payoff of loan by retention of accumulated unearned interest<br>2-4 Prepayment penalty by back-loading principal payments and not recasting or recalculating the amortization schedule when a lump sum payment on principal is made<br>2-5 (a) Surcharge of compensatory damages (including emotional distress): Double damages with $1,000 cap for failure to refund unearned interest; (b) Attorney fees and costs incurred in civil litigation. |
| 3 | Breaches of Contract | 3-1 Loan agreement constitutes an *unconscionable*[3] *adhesion contract,* e.g. (a) violating of TILA disclosure standards: (1) silent as to type of amortization schedule used; (2) unauthorized and undisclosed acceleration of interest recoupment by surcharging the interest portion of the EMI payment in the early years of the closed-end loan term; (b) penalizing borrower for pre-payment of principal by retaining the accelerated or unearned interest payment portion of the EMI payment; (c) failing to recast or recalculate amortized loan upon early payoff and refund unearned interest using this method if *greater than* unearned amount using the existing amortized loan schedule.<br>3-2 Lack of good faith and fair dealing by lender (see violations *infra* 3-1)<br>3-3 Failure to refund unearned interest and one EMI overpayment at early pay-off<br>3-4 *Unjust enrichment*--Lender was unjustly enriched in lender's collection of unearned interest using a method of amortization that front-ended the payment of interest, back-ended the payment of principal, including any lump sum pre-payment of interest thereby penalizing the borrower and enriching the lender, and for which the lender should be held accountable and required to refund the borrower plus interest on the unearned interest during the period of loss.<br>3-6 Failure to refund single month EMI payment overpaid at settlement |

---

[3] *Unconscionability*--A defense against the enforcement of a contract or portion of a contract. If a contract is *unfair or oppressive to one party* in a way that suggests abuses during its formation, a court may find it *unconscionable* and refuse to enforce it. A contract is most likely to be found *unconscionable* if both unfair bargaining and unfair substantive terms are shown. *An absence of meaningful choice by the disadvantaged party is often used to prove unfair bargaining.*

| | | 3-5 Compensatory damages (including for emotional distress) |
|---|---|---|
| 4 | Breaches of Fiduciary Duty | 4-1 Exclusive control of loan processing after negotiation and agreement of basic mortgage loan terms (principal amount, interest rate, repayment period) and servicing of loan payments after settlement imposes fiduciary duty on lender <br> 4-2   Lender's accelerated recovery of interest and failure to recast or recalculate amortized loan upon early payoff for comparison with the amount of unearned interest under the accelerated method and refund highest amount of unearned interest violates fiduciary duty <br> 4-3   Failure to refund unearned interest and EMI overpayment <br> 4-4 *Constructive trust*--Imposition of a constructive trust on proceeds from the unjust enrichment of the lender in collecting and not refunding unearned interest using a method of amortization that front-ended the payment of interest, back-ended the payment of principal, including any lump sum pre-payment of interest thereby penalizing the borrower and enriching the lender. <br> 4-5 Compensatory damages (including for emotional distress) |
| 5 | Torts | 5-1 *Interference with prospective economic advantage* due to loss of economic resource (i.e. lost use of each surcharged interest portion of the EMI payment and the one excess EMI payment) <br> 5-2 Interference with prospective economic advantage due to personal time loss in investigating and collecting of asset (unearned interest and excess EMI payment) <br> 5-3 *Fraudulent misrepresentation by concealment and nondisclosure* of loan terms to the pecuniary detriment of the borrower and unjust enrichment of the lender <br> 5-4 *Fraudulent business practices*—material facts consisting of inaccurate representations, partial omissions, TILA nondisclosures, and half-truths were intentionally, negligently or deceptively concealed or not disclosed by the lender to the borrower in connection with the 2003 mortgage loan and its 2011 refinancing. <br> 5-5 Compensatory damages (including for emotional distress) |

| | | |
|---|---|---|
| 6 | D.C. Consumer Protection Procedures Act[4] (DC-CPPA) | 6-1 In this lender-borrower mortgage loan transaction, the nondisclosures and other violations of the TILA and breaches of contract, fiduciary duties, and torts (including misrepresentations) under common law as setout above are unlawful trade practices under the DC-CPPA; <br> 6-2 Surcharge of compensatory (including TILA and emotional distress) damages: Treble damages for the improper collection of and failure to refund unearned interest and EMI overpayment; plus punitive damages, if any. <br> 6-3 Attorney fees and costs incurred in civil Litigation |

After analyzing, evaluating and comparing only one of plaintiff's claims dealing with defendant's failure to refund unearned interest collected from plaintiff's note payments under an undisclosed method of amortization, the district court, employing judicial notice procedures, concluded that defendant was not required to employ the Rule of 78s in refunding any unearned interest under the factual circumstances alleged by the plaintiff. Specifically, the court ruled

> Capital One first contends that Plaintiff has failed to state a claim because his Complaint alleges use of the Rule of 78s in *amortizing* the loan at the time of *origination*, while 15 U.S.C. § 1615(b) only prohibits employing the Rule to calculate *refunds* of unearned interest *after a loan has been paid in full*. Def. Mot. at 7-8. The Court agrees. [TCR1][Mem. Op.:5][5]

Furthermore, the district court completely overlooked whether the plaintiff should be refunded the excess one month payment on the promissory note. An appeal was noted from the court's

---

[4] D.C. consumer protection remedies include actions under the Consumer Protection Procedures Act [CPPA] (D.C. Code §§28:3901- 28:3913). The Act lists more than 30 trade practices that are considered unlawful in DC and impliedly incorporates all other practices that violate other D.C. laws [See § 29-3904 (unlawful trade practices); §28-3901(b)(1) ("remedy all improper trade practices"); *Osbourne v. Capital City Mortgage Corp.*, A.2d 727:322, *325* (D.C. 1999) (unlawful practices under CPPA include fraudulent misrepresentations of material facts)].

[5] TILA requires that the lender disclose the schedule used to payoff loan (amortization) and Bank One admits it did not use Rule of 78s to amortize loan but does not state what method was used and whether borrower was properly disclosed that fact.

partial dismissal on Civ. R. 12(b)(6) grounds of a single claim "with prejudice" and dismissal of

the remaining "state [D.C.] law" claims "without prejudice" to refiling in the D.C. local courts.

## 6.0 ARGUMENTS

### 6.1 Summary

This appeal is based upon the following grounds, that the district court in adjudicating

and granting defendant's Civ. R. 12(b)(6) motion:

(1)  Failed to identify and exercise the court's original jurisdiction under U.S.C. §§ 28:1332(a)(1) (diversity), and/or §28:1337 (Commerce Clause laws) having erroneously concluded that the court lacked jurisdiction under U.S.C. §28:1331 (Federal question) and unnecessarily declined U.S.C. §28:1367(a) pendent jurisdiction in light of the alternative sources of original jurisdiction for the plaintiff's so-called "state claims";

(2) Denied and overlooked plaintiff's due process rights (adequate notice and opportunity to be heard) (a) under Civ. R. 12(d) by considering matters outside the pleading without converting the dismissal motion to a Civ. R. 56 motion and (b) under Evid. R. 201(e) by improperly using judicial notice procedures;

(3) Overlooked, misunderstood, misapprehended and failed to admit the truth of the facts alleged in plaintiff's complaint (including the promissory note attached to the defendant's motion to dismiss, which was unacknowledged by the court) and to accord favorable preferences to plaintiff's claims; and

(4) Failed to *sua sponte* consider whether defendant is liable for refund of the monthly note payment that the plaintiff overpaid since the defendant's motion to dismiss does not address this claim and with such omission admits this claim.

Therefore, due to the district court's foregoing review deficiencies and in order to amplify the

complaint facts stated and  make plaintiff's claims clearer, amendment of the complaint should

be allowed under Civ.R. 15(a)(2)'s liberal "justice" criteria, which the district court denied.

## 6.2  Court Refused to Exercise, Disregarded and Misapplied Its  Jurisdictional Powers

Federal district court jurisdiction over the parties to this action arise under U.S.C. §28:1331 (Federal question), *and* U.S.C. §28:1332(a)(1)[a] (diversity of citizenship) since the plaintiff is a resident of D.C. and the Capital One Bank, N.A. is incorporated in Virginia with corporate headquarters in Virginia. "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."[6] A national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located."[7]

Additionally, U.S.C. §28:1337 provides an alternative source of jurisdiction.  U.S.C. §28:1337 confers jurisdiction on district courts, without regard to a minimum amount as does U.S.C §§28:1331 and 28:1332(a)(1), of all civil actions or proceedings arising under acts of Congress regulating commerce.[8]  While it is true that Federal regulation of finance is not grounded in the commerce power alone,[9] to found jurisdiction upon §1337, it is not requisite that the Commerce Clause be the exclusive source of Federal power, it suffices that the Clause be a significant one.[10]

Not only does the district court have original jurisdiction based upon diversity and/or the operation of statutes enacted in whole or part upon Congress right to regulate interstate

---

[a] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …citizens of different States."
[6] U.S.C. §28:1348
[7] *Wachovia Bank, Nat'l Ass'n v. Schmidt*,  U.S. 546:303, *307, S*.Ct. 126:941 (2006)
[8] *Gibson v. 1st Fed. S&L of Detroit*, F.2d 504:826 (6th Cir., 1974) citing  *Murphy v. Colonial Fed. S,& L. Ass'n*, F.2d 388:609 (2d Cir. 1967)
[9] *Cf. Norman v. B. & O. R.R.*, U.S. 294:240, *303*, S.Ct. 55:407, *414* (1935); see also, *McCulloch v. State of Maryland*, U.S. 17:316, *406* (Wheat. 4), L.Ed. 4:579 (1819)
[10] *Murphy.*

commerce [Commerce Clause laws], but abstention[11] generally and under the pendent jurisdiction statute since the defendant is a "National" bank and banking affects the national economic interests as opposed to particular States. The financial industry today in this country is no longer a primarily a local State industry.

In evaluating defendant's Civ. R. 12(b)(6) motion to dismiss, the district court erred in justifying its decline of pendent jurisdiction in the following ways: First, the court failed to recognize that pendent jurisdiction was not involved at all and that plaintiff's so-called "state law" claims were cognizable under the diversity of citizenship and/or Commerce Clause basis of Federal jurisdiction.

Second, the court failed to order removal instead of dismissal of what the court considered "state law" claims and to consider the economic impact of refiling upon the plaintiff who will have to advance another filing fee for the D.C. Superior Court of $120 (One Hundred Twenty Dollars) [*plus* additional filing fees for any motions filed throughout the course of litigation) bringing to a $470 (Four Hundred and Seventy Dollar) *minimum* in total initial filing fees], incur additional service charges (time and costs), while the lender, defendant Capital One Bank, a multi-billion dollar financial institution pays *nothing* (except *additional* legal fees to its high priced law firm in another forum)! And, third, the court failed to consider that the lender-borrower issues relate to a *National* Banking Association, which is a federally chartered

---

[11] "Abstention" is a doctrine under which Federal courts may choose not to hear a case, even if all the formal jurisdiction requirements are met. There are several established instances in which Federal courts will generally abstain. First, Federal courts will abstain rather than issue an injunction against a State court, in either a civil or criminal matter [cf. *Klein v Burke Constr. Co*, U.S. 260:266, S. Ct. 43:79 (1922); *Younger v. Harris*, U.S. 401:37, S.Ct. 91:746 (1971)]. Second, a Federal court can abstain if the case presents unresolved questions of both the State law and the Federal Constitution. In that case, the Federal court generally would want to avoid the constitutional issue if possible, but also does not want to get the State law question wrong. Therefore, in a practice called *"Pullman* abstention," the Federal court may abstain until the State law question can be resolved in State court [cf. *Railroad Com'n of Tex. v. Pullman Co.*, U.S. 312:496, S.Ct. 61:643 (1941)].

institution providing interstate financial services, and irregularities in the *National* Banking Association's interstate lending practices.

Even assuming *arguendo* that pendent jurisdiction exists as to the plaintiff's so-called "state claims" as the district court opines,   when applying the standards in U.S.C. §28:1367(c) neither judicial economy, fairness, nor comity obtains to allow refusal under the district court's pendent jurisdiction.   As to comity, banking in today's economy is not merely a national enterprise, but an international one. And thus the Federal court is the proper forum for adjudication of claims against banks, especially if the bank is a National Association, as is the defendant in this case.[12] Moreover, D.C. is a Federal territory and not a State and its laws are enacted by or approved by Congress, whose responsibility it is to exercise jurisdiction in the U.S. Capital.  Whatever maybe the jurisdictional interest of D.C., a Federal territory, it is the same as or the functional equivalent of its owner, the United States of America, and its manager (or trustee) the United States Congress. As with the Burger King commercial character asks: "Where's the *beef*"? or "Where's the *comity*?" There is none!

As to fairness, the district court disregards the gross financial inequality and other resources of the parties (clearly a biblical David v. Goliath situation[13])  and would have the plaintiff expend additional resources of time, talents and finances to restart the case in the D.C. Superior Court, which is across the street from where the case is currently being adjudicated in

---

[12] For example, *Wachovia Bank, Nat'l Ass'n v. Schmidt* involves a National Association bank as defendant, and residents of South Carolina as plaintiffs for consumer financial fraud that was commenced in State court but removed to Federal court. Federal diversity jurisdiction was held to exist against the plaintiff's defense although the Bank had a local branch in S.C. but its corporate headquarters in North Carolina.

[13] It should be noted that David slew Goliath on the battlefield without the necessity of King Saul's armor, but used only with his skills using a slingshot. However, it was not David's slingshot that killed Goliath (it only knocked Goliath unconscious): David slew Goliath with Goliath's *own sword* [*cf.* 1 Sam 17:23-51, vv. 50-51]. Is there a message here:  Is Capital One Bank's "sword," the Bank's greed and deceptive note collection practices?

the Federal district court. Capital One Bank, a multi-billion dollar financial institution with vast human and financial resources, is being favored over a single customer who is a senior citizen -- Vietnam Era veteran, no less -- who appears *pro se*.

Finally, as to judicial economy, the district court at the time the court dismissed the case had had the case for some four (4) months (filed in October 2011), was familiar with the legal positions of the parties and its financial intricacies, and should the plaintiff prevail, it would be necessary for collection of the judgment that the plaintiff again come to Federal court since the defendant's headquarters lie in Virginia and it has other major administrative and management centers in Maryland and Texas. Moreover, Congress has given the Federal courts jurisdiction to hear matters related to the administration and management of National Association banking institutions and how they deal with their customers or consumers of financial services.

Thus, the district court has original jurisdiction and its pendent jurisdiction cannot be declined. For such declination would force the plaintiff into a local Federal court from a district Federal court, it would increase the financial and case management burden of the plaintiff, a bank customer suing a National bank, and it would not further cooperation between the local D.C. courts and the Federal courts, who are across the street from one another, since the issues here clearly have national overtones[14] and are not specific to D.C., for the defendant lets mortgages in many jurisdictions from its Plano, TX center.

---

[14] "Only in cases challenging mortgage loans on both federal and state law grounds did we find an *increase in the rate of grants of motions to dismiss without leave to amend*. Many of these cases were removed from state to federal court. *This category of cases tripled in number during the relevant period in response to events in the housing market* ... " [Cecil, et al, "Motion to Dismiss for Failure to State a Claim after *Iqbal*," *Report to the Judicial Conference Advisory Committee on Civil Rules* (03/2011)].

### 6.3 Court Misapplied of F.R.Civ.P 12(b)(6) Standards

(a)  Only "a short and plain statement of the claim showing that the pleader is entitled to relief"[15] is required to state a complaint under the F.R.Civ.P..  It is the purpose of "a short and plain statement of the claim" to provide the defendant with "'fair notice of what the . . . claim is and the grounds upon which it rests.'"[16] In other words,  "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."[17] However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

A complaint may be dismissed under Civ.R. 12(b)(6) for failure to state a claim upon which relief may be granted. A Civ. R. 12(b)(6) motion to dismiss tests the "legal sufficiency of a complaint."[19] In order to "survive a [Civ. R. 12(b)(6)] motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[20]

As a general proposition, this type of dismissal is available only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations

---

[15] Fed. R. Civ. P. 8(a) states: "A pleading that states a claim for relief must contain: (1) *a short and plain statement* of the *grounds for the court's jurisdiction*, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the *claim showing that the pleader is entitled to relief*; and (3) *a demand for the relief* sought, which may include relief in the alternative or different types of relief."

[16] *Bell Atl. Corp. v. Twombly*, U.S. 550:544, *555*, S.Ct. 127:1955 (2007) quoting *Conley v. Gibson*, U.S. 355:41, *47*, S.Ct. 78:99 (1957); accord *Erickson v. Pardus*, U.S. 551:89, *93*, 127 S.Ct. 2197 (2007) (*per curiam*).

[17] Id., *Erickson* (internal citations and alterations omitted).

[18] *Ashcroft v. Iqbal*, U.S. 556:662, S. Ct. 129:1937, *1949* (2009) quoting  *Twombly*, U.S. 550:544, *570*.

[19] *Nader v. Democratic Nat'l Comm.*, F.Supp.2d 590:164, *167* (D.D.C. 2008) citing *Browning v. Clinton*, F.3d 292:235, *242* (D.C. Cir. 2002)

[20] *Ashcroft v. Iqbal*, S. Ct. 129:*1949* (internal quotation marks omitted); see also *Bell Atl. Corp. v. Twombly*, U.S. 550:*570*.

[in the complaint]."[21] And while a *pro se* complaint should be liberally construed, it must nonetheless "present a claim on which the Court can grant relief."[22]

In considering a motion to dismiss under Civ. R. 12(b)(6), a district court must take all well pleaded facts in the complaint *as true* and view them in the *light most favorable to the plaintiff*.[23] Additionally, dismissal for failure to state a claim is "disfavored" because it is "summary disposition *on the merits*."[24]

In *Bell Atlantic Corp. v. Twombly*,[25] the U.S. Supreme Court  setout the pleading standards and the standards for a motion to dismiss for failure to state a claim. *Twombly* turned on the construction of Civ. R. 8(a), and accordingly its standards applies "in *all* civil actions and proceedings in the United States district courts."[26] The standards set forth in *Twombly* are twofold: First, the court must accept as true all well-pleaded factual allegations in the complaint; but need not accept the truthfulness of legal conclusions.

When the complaint contains well-pleaded facts, the "court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Twombly* requires a complaint to allege facts that, if proven, would support the relief requested *and* to show that the alleged facts were "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[27]

---

[21] *Hishon v. King & Spalding*, U.S. 467:69, *73*, S. Ct. 104:2229, *2232* (1984); *Hartline v. Sheet Metal Worker's Nat'l Pension Fund*, F.Supp.2d 134: 1, *7* (D.D.C. 2000).
[22] *Link v. U.S.*, F.Supp.2d 539:360, *361* (D.D.C. 2008).
[23] *Jenkins v. McKeithen,* U.S. 395:411, *421*, S. Ct. 89:1843, *1849* (1969); *Erickson*, U.S. 551:94, S.Ct. 127:2200 (Court "must accept as true all of the factual allegations contained in the complaint") citing *Twombly* and by reference: *Swierkiewicz* v. *Sorema N. A.*, U.S. 534:506, *508 n. 1*, S.Ct. 122:992 (2002); *Neitzke* v. *Williams,* U. S. 490:319, *327*, S.Ct. 109:1827 (1989); *Scheuer* v. *Rhodes*, U.S. 416:232, *236*, S.Ct. 94:1683 (1974)]
[24] *Johnsrud v. Carter*, F.2d 620:29, *33* (3rd Cir. 1980)
[25] *Twombly*
[26] *Iqbal*, S. Ct. 129:*1945*
[27] *Twombly*, U.S. 550:*555*

Second, only a complaint that states a *plausible* claim for relief can survive a motion to dismiss. In applying the *plausibility standard* to a claim, the Supreme Court first stated that the plaintiff needs to allege facts, even if later proved to be false, in support of the plaintiff's statutory or common law claims. Although a complaint need not contain detailed factual allegations, the plaintiff does have the obligation to provide the "grounds" of its "entitle[ment] to relief," which is more than mere labels and conclusions.[28]

In 2009, two years after the game-changing decision in *Twombly* governing the interrelationship between Civ. R. 8(a) pleading and Civ. R. 12(b)(6) dismissal standards, the Supreme Court expounded upon the *Twombly* standards, explaining that to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[29] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[30]

This amounts to a **"two-pronged approach," under which a court [1] first identifies the factual allegations that are entitled to an assumption of truth and [2] then determines "whether they plausibly give rise to an entitlement to relief."**[31] However, "if facts that are alleged to be true in a complaint are *contradicted by facts that can be judicially noticed*, the contradicted facts in the complaint are not to be deemed as true upon consideration of the motion to dismiss."[32]

It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] – that the

---

[28] Id., *570*
[29] *Iqbal*, S.Ct. 129:*1949* quoting *Twombly*, U.S. 550:*570*
[30] Id.
[31] Id., S.Ct. *1950-1951*
[32] Wright & Miller, *Federal Practice and Procedure* §5A:1364 (2004)

pleader is entitled to relief."[33] The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement."[34]

From Supreme Court jurisprudence governing the legal sufficiency of a complaint necessary to survive a Civ. R. 12(b)(6) motion to dismiss, the following specific standards apply when a Federal court assesses a plaintiff's claims:    (1) *Sufficiency of Factual Allegations.* Precise facts are not required to be set out in the complaint.[35] Instead, a complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.[36] It is unnecessary to plead all elements of a *prima facie* case in the complaint,[37] or to "plead law or match facts to every element of a legal theory."[38]

Furthermore, a court must treat the complaint's factual allegations— including mixed questions of law and fact—*as true*, and draw all reasonable inferences from the complaint in the plaintiff's favor.[39] However, a court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.[40] And whether *pro se* or not, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"[41] Moreover, a court must

---

[33] Iqbal, S.Ct. 129:*1950* quoting Civ.R. 8(a)(2)
[34] Id., S.Ct. 129:*1949-1950* (internal quotation marks omitted).
[35] *Owens v. Republic of Sudan,* F.3d 531:884, *895* (D.C. Cir. 2008).
[36] *Kingman Park Civic Ass'n v. Williams,* F.3d 348:1033, *1040* (D.C. Cir. 2003) citing Civ. R. 8(a)(2) and *Conley.*
[37] *Swierkiewicz,* U.S. 534:*511–514*
[38] *Krieger v. Fadely,* F.3d 211:134, *136* (D.C. Cir. 2000) (internal quotation marks and citation omitted)
[39] *Holy Land Found. for Relief & Dev. v. Ashcroft,* F.3d 33:156, *165* (D.C. Cir. 2003).
[40] *Warren v. D.C.,* F.3d 353:36, *39* (D.C. Cir. 2004); *Browning v. Clinton,* F.3d 292:235, *242* (D.C. Cir. 2002).
[41] *Sparrow v. United Air Lines, Inc.,* F.3d 216:1111, *1113* (D.C. Cir. 2000), quoting *Schuler v. United States,* F.2d 617:605, *608* (D.C. Cir. 1979) (citations omitted); *Scheuer;* see *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coord. Unit,* U.S. 507:163, *164,* S.Ct. 113:1160 (1993); *Phillips v. Bureau of Prisons,* F.2d 591:966, *968* (D.C. Cir. 1979) ("...the allegations of the complaint should be construed favorably to the pleader"); *Taylor v. FDIC,* F.3d 132:753, *761* (D.C. Cir. 1997) ["Dismissal under Rule

review factual allegations of a complaint *in toto*. In other words, allegations of a complaint must

be "taken collectively" to determine whether they state a claim.[42]

(2) *Sources of Factual Allegations.* When ruling upon a motion to dismiss, a court may

ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or

incorporated by reference in the complaint, and matters about which the Court may take judicial

notice".[43] Or "'documents upon which the plaintiff's complaint necessarily relies even if the

document is produced not by the plaintiff in the complaint but by the defendant in a motion to

dismiss.'"[44]

And "*any evidence procured off the Internet is adequate for almost nothing*, even under

the most liberal interpretation of the hearsay exception rules found in Fed.R.Civ.P. 807."[45]

Finally, as a general matter pursuant to Civ. R. 12(d),[46] a court is not to consider matters outside

the pleadings (including relevant documents and information dehors the complaint that can be

judicially noticed), without converting defendant's Civ. R. 12(b)(6) dismissal motion to a motion

for summary judgment under Civ. R. 56 with *prior* notice and opportunity to respond by all

parties, especially the plaintiff.

(b)  In evaluating defendant's Civ. R. 12(b)(6) motion to dismiss, the district court erred

in justifying its decline of pendent jurisdiction in the following ways:  First, the court failed to

---

12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them
in plaintiff's favor, the court finds that the plaintif(f) ha(s) failed to allege all the material elements of
(her/his) cause of action."]

[42] *Ocasio-Hernandez v. Fortuno-Burset,* F.3d 640:1, *14-15* (1st Cir. 2011); see also, *Matrixx Initiatives,
Inc. v. Siracusano,* U.S. 563:___, S.Ct. 131:1309, *1323-1324* (2011)

[43] *Gustave-Schmidt v. Chao,* F.Supp.2d 226:191, *196* (D.D.C. 2002) (citations omitted); *Ward v. D.C.
Dept. of Youth Rehab. Svcs.,* F.Supp.2d 768:117, *119* (D.D.C. 2011) (quoting *Gustave-Schmidt,* Id.; see
also, *E.E.O.C.* v. *St. Francis Xavier Parochial Sch.,* F.3d 117:621, *624* (D.C. Cir. 1997)

[44] *Hinton v. Correction Corp. of Amer.,* F. Supp. 2d 624:45, *46* (D.D.C. 2009)

[45] *St. Clair v. Johnny's Oyster & Shrimp Inc.,* F. Supp. 2d 706:773, *775* (S.D. Tex. 1999)

[46] "*Result of Presenting Matters Outside the Pleadings.*  If, on a motion under [Civ.R.] 12(b)(6)...,
matters outside the pleadings are presented to and not excluded by the court, the motion must be *treated
as one for summary judgment* under [Civ. R.] 56. *All parties must be given a reasonable opportunity to
present all the material that is pertinent to the motion.*"

recognize that pendent jurisdiction was not involved at all and that plaintiff's so-called "state law" claims were cognizable under the diversity of citizenship and/or Commerce Clause basis of Federal jurisdiction.  Second, the court failed to order removal instead of dismissal of what the court considered "state law" claims and to consider the economic impact of refiling  upon the plaintiff who will have to advance another filing fee for the D.C. Superior Court of $120 (One Hundred Twenty Dollars) [*plus* additional filing fees for any motions filed throughout the course of litigation) bringing to a $470 (Four Hundred and Seventy Dollar) *minimum* in total initial filing fees], incur additional service charges (time and costs), while the lender, defendant Capital One Bank, a multi-billion dollar financial institution pays *nothing* (except *additional* legal fees to its high priced law firm in another forum)! And, third, the court failed to consider that the lender-borrower issues relate to a *National* Banking Association, which is a federally chartered institution providing interstate financial services, and irregularities in the *National* Banking Association's  interstate lending practices.

Additionally, in evaluating the plaintiff's complaint as to its legal sufficiency, the following errors were made by the district court, *viz.*  (1) the court  did not (a)  treat the factual allegations of the complaint as true,[47] (b)  evaluate plaintiff's complaint in a light most favorable

---

[47] See, for example the following quotes in the Mem. Op.:

| Page | Quotation |
|---|---|
| 5 | Capital One first contends that Plaintiff has failed to state a claim because his Complaint alleges use of the Rule of 78s in *amortizing* the loan at the time of *origination*, while 15 U.S.C. § 1615(b) only prohibits employing the Rule to calculate *refunds* of unearned interest *after a loan has been paid in full.* Def. Mot. at 7-8. The Court agrees.  [0] |
| 5 | The Complaint does not state that Capital One ever calculated a refund, let alone indicate what method it used in doing so. [0] |
| 6 | Even if Plaintiff had pled that Capital One calculated a refund of unearned interest using the Rule of 78s, such a claim could not survive this Motion because it is demonstrably incorrect. |
| 8 | The calculations thus demonstrate that the Bank did not use the Rule of 78s.[0] |
| 8 | His argument relies on the incorrect assumption that Capital One was required "to recalculate the loan terms based upon the *new* payoff date (September 2011) and not the *original* payoff date (August 2033)." |

to the defendant,[48] and (b) did not grant plaintiff the benefit of all inferences that can be derived from the facts alleged;[49]  (2) in general, the court made determinations as to the merits of the plaintiff's claims by assessing the credibility or weight of the evidence;[50]

Furthermore, the court: (3) failed to use the copy of plaintiff's promissory note attached to defendant's Motion to Dismiss as a part of plaintiff's facts; (4)  improperly used judicial notice procedures to derive the facts, specifically the court used references and formulas without citing their sources, used references from the Internet, and used references and formulas from defendant's Motion to Dismiss and other places;[51] (5) failed to recognize that U.S.C. §15:1615 was a provision of the TILA and to determine  if there are facts in the complaint (including the plaintiff's note attached to defendant's Motion to Dismiss, which the court failed to identify) that raise plausible claims for violation of other provisions of the TILA, as well as the Section cited;

Finally, the court: (6) failed to identify the plaintiff's causes of action and to determine if the facts of the complaint support those causes of action both Federal and local DC statutory and common law (breach of contract, breach of fiduciary duty, tortious mal- or misfeasance);  and (7) considered matters outside the complaint, its exhibits and the plaintiff's promissory note attached to the defendant's Motion to Dismiss and did not convert to a motion for summary judgment as required by Civ. R. 12(d).

---

| 8 | Plaintiff provides no support for his novel theory that he is entitled to pay the lower interest on an 8-year mortgage when he agreed to a loan with a 30-year term. .... He cannot have his cake and eat it too. |

[48] See, Id. See also, "Since Capital One does not dispute this figure for purposes of this argument, the math demonstrates that it did not employ the Rule of 78s to calculate unearned (and, correspondingly, earned) interest at the time of refinancing. See Def. Mot. at 9" [Mem. Op.:6]
[49] See, supra, n. 6-7
[50] See generally,  Mem. Op. 4-8: Pt. II, Analysis, §§ A. Section 1615 and the Rule of 78s; B. Earned Interest Calculation Based on Loan's Term.
[51] "A publicly available mortgage calculator shows that…" [Mem. Op.:7]

(c) *Amending the Complaint.* It is well settled that leave to amend a complaint "shall be freely given when justice so requires."[52]   Having the  legal sufficiency of the Complaint here tested, missing information has been identified (e.g. the mortgage note) that should appear in the Complaint.  Furthermore, additional facts should be included in order to clearly identify the jurisdictional basis of plaintiff's claims and the nature and extent of those claims.

Contract interpretation will be necessary, as well as the discernment of the meaning and operation of accounting principles governing amortization and how financial institutions have misused and abused those principles intentionally, negligently, ignorantly and/or deceptively to enrich themselves for generations.  The parties and the district court are called upon to analyze this financial transaction at its core (the justice in accelerating the payment of interest in closed-end mortgages) and determine if the way in which interest payments are being treated in this amortized mortgage loan – i.e. more favorably than principal payments in the early years -- is fair to Richardson, the borrower, and Capital One Bank, the lender, or whether there are inherent predatory lending practices here that need to be exposed and remedied that have existed since the institution of amortized mortgages in the mid-1930s.

This offers a learning opportunity and a "teaching moment" for the parties involved and district court. Justice requires no less than an amendment of the complaint under these circumstances.

| **7.0 CONCLUSION** |
| --- |

Plaintiff Richardson's claims arise out of irregularities in the processing and collecting of a mortgage loan refinancing transaction of plaintiff's D.C. residence by the defendant Capital One Bank, N.A. (National Association). Specifically, the  claims are grounded in defendant's

---

[52] *Wyant v. Crittenden*, F.2d 113:170, *175* (D.C.Cir. 1940); Civ. R. 15(a)

violations of Federal and local D.C. consumer protection laws governing mortgage loan transactions and common law legal and equitable principles governing breaches of contract, fiduciary and related torts.

Defendant Capital One Bank filed a Civ. R. 12(b)(6) motion to dismiss that was granted by the district court.  Plaintiff seeks reversal on appeal because the district court had original jurisdiction under Federal jurisdictional statutes based in diversity of citizenship   and enforcement of Commerce Clause based statutes; and because the district court failed to identify or improperly applied the current standards applicable to pleading and evaluating a complaint under Civ. R. 8 and 12(b)(6).

In evaluating plaintiff's complaint the district court used judicial notice procedures without providing the plaintiff with notice and opportunity to be heard. Furthermore, the district court completely failed to identify the plaintiff's promissory note attached to the defendant's dismissal motion in the court's factual assessment of plaintiff's claims.

Consequently, plaintiff Richardson seeks the following relief on appeal, in connection with and in addition to the reversal of the dismissal order:  (1) a reexamining by the district court of its jurisdictional bases; (2)   hearing on the district court's use of judicial notice; (3) an opportunity to be heard on the defendant's dismissal motion as amplified by the court using matters beyond the pleading, including Internet web sites; (4) leave to amend the complaint, and (5) for such further relief as the appellate court deems necessary and proper.   Respectfully submitted:

---

| **8.0 CERTIFICATES OF COMPLIANCE & SERVICE** |
| --- |

This certifies that the word count   in Brief §§ 3 (Jurisdictional Statement) – 7 (Conclusion) is **5,612** (Fifty-Six Hundred Twelve), not counting footnotes, and **7,658** (Seventy-

Six Hundred Fifty-Eight) counting footnotes; and that a copy of the foregoing document was

delivered by first class U.S. Mail or by hand to—

---

**DR. JESSICA D. FEGAN, JD-ESQ ● DR. ANAND V. RAMANA, JD-ESQ**
**McQuire Woods LLP, 2001 "K" Street, NW, #400, Washington, DC 20006**

---

on this 9th day of November, 2012.

**T. CARLTON RICHARDSON**
Plaintiff *Pro Se*
1505 Pennsylvania Avenue, SE
Washington, DC 20003
202-546-3505

■ **APPENDIX "A"** ■

---

*T. Carlton Richardson v. Capital One, N.A., d/b/a Capital One Bank, N.A.*
CA No. 11-1849, D.C., D.C. (Boasberg, J., 03/16/2012)

---

[01/01]

**MEMORANDUM OPINION**

Plaintiff T. Carlton Richardson took out a 30-year home-mortgage loan in 2003 from a predecessor to Defendant Capital One Bank. After eight years, he paid off the loan in full by refinancing. He then brought this *pro se* action alleging that the Bank had violated 15 U.S.C. § 1615 by using a method of calculating interest called the Rule of 78s and, in so doing, failed to refund Richardson excess interest he was properly owed when he refinanced. Defendant now brings the instant Motion to Dismiss, arguing that Plaintiff has not sufficiently pled any violation of federal law. Because the Court agrees, it will dismiss Plaintiff's federal claim. Having done so, the Court will also decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, which he may refile in the appropriate state court.

**I. Background**

According to the Complaint, which the Court must presume true for purposes of this Motion, Richardson took out a $137,000 mortgage loan in September 2003 from B. F. Saul Mortgage Co., predecessor in interest to Capital One. Compl., ¶ 8. The loan was payable over a thirty-year period at an interest rate of 5.625%. *Id.* To pay off the principal and interest in full

[01/02]

by the end of the loan's term, Richardson was required to make monthly payments of $788.65. Id., ¶¶ 9-10. He alleges that the loan was amortized using the Rule of 78s. *Id.,* ¶ 9.

Richardson refinanced his mortgage on September 9, 2011, repaying the loan in full by taking out a new loan from Capital One at a lower interest rate. *Id.,* ¶ 11. Then, on October 3, he sent Capital One a written request for a refund in the amount of $24,602: $21,191 for excess interest paid, $789 for an unnecessary monthly payment, and the remainder for interest on Richardson's overpayments. *Id.,* ¶ 13. Plaintiff included with his request excerpts from 15 U.S.C. § 1615, which prohibits use of the Rule of 78s "for the purpose of calculating any refund of interest" when "a consumer prepays in full the financed amount under any consumer credit transaction." 15 U.S.C. §§ 1615(a)-(b); Compl., ¶ 12. As of October 18, 2011, the day before this action was filed, Capital One had not responded to Richardson's request. Compl., ¶ 12.

In bringing this action, Richardson contends that the Bank's use of the Rule of 78s in amortizing his loan and its retention of excess payments violated 15 U.S.C. § 1615, D.C. Code § 28-3905(k)(1), and the parties' loan agreement. *Id.,* ¶¶ 5-7. In addition to declaratory and injunctive relief, Plaintiff seeks a minimum of $72,000 in treble damages and $25,000 in punitive damages. *Id.,* ¶¶ 17-20. Capital One has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Def. Mot. at 6, 8, and Plaintiff has subsequently cross-moved for Summary Judgment.

**II. Legal Standard**

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C. Cir. 2000) [quoting *Schuler v. United States,* 617 F.2d 605, 608 (D.C. Cir. 1979)] (internal

[02/03]

citation omitted); *see also Jerome Stevens Pharms., Inc. v. FDA,* 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). *See Scheuer v. Rhodes,* 416 U.S. 232, *236* (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); *Walker v. Jones,* 733 F.2d 923, 925-[9]26 (D.C. Cir. 1984) (same). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. *Trudeau v. Fed. Trade Comm'n,* 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although the notice pleading rules are "not meant to impose a great burden on a plaintiff," *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," *Twombly,* 550 U.S. at 555 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

As the Court does not consider Plaintiff's Motion, it need not set out the standard for motions for summary judgment under Fed. R. Civ. P. 56.

**[03/04]**

**III. Analysis**

A. *Section 1615 and the Rule of 78s*

When a consumer prepays a loan in full, the creditor must, as a general matter, promptly refund any unearned interest to the debtor. *See* 15 U.S.C. § 1615(a)(1). This requirement applies even when the "prepayment [is] made in connection with the refinancing, consolidation, or restructuring of the transaction." *Id.,* § 1615(a)(3)(A). Section 1615(b), entitled "Use of `Rule of 78's' prohibited," obligates a lender to calculate the amount of the refund using "a method which is at least as favorable to the consumer as the actuarial method."

The Rule of 78s, also known as the sum-of-the-digits or direct-ratio method, is "a shorthand means of determining the interest earned at any point in the term of a credit purchase." *Wiskup v. Liberty Buick Co., Inc.,* 953 F.Supp. 958, 968 (N.D. Ill. 1997). It uses a mathematical formula to calculate unearned finance charges "on a loan in which finance charges have been precomputed." *Kedziora v. Citicorp Nat. Services, Inc.,* 780 F.Supp. 516, 523 (N.D. Ill. 1991). To determine the amount of unearned interest at a given point in a loan's term, the formula multiplies the total agreed-upon interest by a fraction in which the numerator is "the sum of the series of integers between 1 and the number of payments yet to be made" and the denominator is "the sum of a series of integers between 1 and the number of payments originally contracted for." *Id.* Represented as an equation, the Rule of 78s is:

$$u = f * [k(k+1)/n(n+1)]$$

where "u" equals the unearned interest, "f" equals the total interest owed over the loan's full term, "k" equals the number of months remaining in the loan's term when it is prepaid, and "n" equals the number of months in the loan's full term. *See* Def. Mot. at 9.

Figures calculated using the Rule of 78s are more easily computed but less precise than the actuarial method, "which uses a series of computations to determine the interest due for each

**[04/05]**

payment period." *Wiskup*, 953 F. Supp. at 968 [citing *Gantt v. Commonwealth Loan Co.*, 573 F.2d 520, 524 n.3 (8th Cir. 1978)]; *see also Bone v. Hibernia Bank*, 493 F.2d 135, 137 (9th Cir. 1974) (actuarial method produces "`true' interest yields" but requires "more difficult computations" than Rule of 78s). While the Rule of 78s and the actuarial method yield similar results for short-term loans and loans with a low annual percentage rate, the two methods can produce substantially different calculations for long-term loans and loans with high annual interest rates. *Wiskup*, 953 F. Supp. at 968. To the extent that the figures from the two methods differ, the Rule of 78s is more favorable to the creditor. *Id.*; *see also Gantt*, 573 F.2d at 525 (Rule of 78s "allocates a greater portion of the finance charge to the creditor in the earlier part of the period than does the actuarial method").

    Capital One first contends that Plaintiff has failed to state a claim because his Complaint alleges use of the Rule of 78s in *amortizing* the loan at the time of *origination*, while 15 U.S.C. § 1615(b) only prohibits employing the Rule to calculate *refunds* of unearned interest *after a loan has been paid in full.* Def. Mot. at 7-8. The Court agrees. It is clear from the plain language of the statute that § 1615(b) makes it unlawful to use the Rule of 78s "for the purpose of calculating any refund of interest required under subsection (a)." Since subsection (a) requires refunds only when "a consumer prepays in full the financed amount," § 1615's prohibition on the Rule of 78s applies exclusively to interest calculations *after* the loan has been satisfied. The Complaint does not state that Capital One ever calculated a refund, let alone indicate what method it used in doing so. It alleges, rather, that Richardson's "loan was amortized using the Rule of 78s." Compl., ¶ 9. As amortization, by definition, occurs before the loan is paid off, using the Rule of 78s for that purpose would not violate § 1615(b). *See Wiskup*, 953 F. Supp. at 968 (Rule of 78s is formula for determining amount of interest earned at given point in time during loan's term).

**[05/06]**

    Even if Plaintiff had pled that Capital One calculated a refund of unearned interest using the Rule of 78s, such a claim could not survive this Motion because it is demonstrably incorrect. Plaintiff refinanced his mortgage after 96 months of payment. Compl., Appx. A at 11. Applying the equation of the Rule of 78s and subtracting the resulting unearned interest from the total interest means that the Bank would have earned $67,827.18 in interest on Richardson's loan by that time. See Def. Mot. at 9. (Defendant's calculation is correct, even though the term "265" in its equation on page 5 should be "264.") According to the Complaint, however, the bank had only charged $58,004.82 in interest when Richardson refinanced his mortgage. Compl., Appx. A at 11. Since Capital One does not dispute this figure for purposes of this argument, the math demonstrates that it did not employ the Rule of 78s to calculate unearned (and, correspondingly, earned) interest at the time of refinancing. *See* Def. Mot. at 9. In addition, the Bank does not contest Richardson's allegation that the remaining principal on the loan when it was refinanced was $119,294.38, which is significantly less than the outstanding principal of $129,116.78 that the Rule of 78s yields. Compl., ¶ 11; Def. Mot. at 9-10; Def. Reply & Opp. at 4. If the Bank had applied the Rule of 78s, it would have generated significantly different figures from the ones alleged in Plaintiff's Complaint. The calculations thus demonstrate that the Bank did not use the Rule of 78s.

    Finally, Plaintiff himself appears to abandon his Rule of 78s claim in his Motion for Summary Judgment and Reply pleadings. His Motion makes no mention of the Rule except for a brief reference to it in his conclusion, and his Reply discusses the Rule only in generic terms. More importantly, Plaintiff admits in his Motion that the actuarial method was used to calculate the loan's terms, contradicting his own allegation that the loan was amortized using the Rule of 78s. See Pl. Mot. & Opp. at 4. As such, Plaintiff has effectively conceded his § 1615 claim.

**[06/07]**

B. *Earned Interest Calculation Based on Loan's Term*

Forgoing his argument on the Rule of 78s, Plaintiff instead appears to contend in his pleadings that the Bank should have recalculated its earned interest based on an 8-year term, which is what the loan ended up being because of refinancing. Pl. Mot. & Opp. at 5. As the total interest charge on an 8-year loan is significantly less than the total interest charge on the first 8 years of a 30-year loan, Plaintiff contends the Bank is required to refund the difference. *Id.* There are several problems with such an argument.

First, the Court is not sure what federal claim this represents, as it does not appear to relate to § 1615. Second, even if it were connected, this represents a fundamental shift in Plaintiff's argument. Indeed, the figures in Plaintiff's Complaint do not correspond to those in his Motion. Rather than claiming that he overpaid by $24,602 ($23,813 of which was interest), as he did in his Complaint, Plaintiff argues in his Motion that he paid $25,376 in excess interest. *Compare* Compl., ¶ 13 with Pl. Mot. & Opp. at 5. As best the Court can discern, Plaintiff arrived at this new number by calculating the interest he would have paid had his loan been for an 8-year term and subtracting it from the total interest he paid in the first 8 years of his 30-year loan. *See* Pl. Mot. & Opp. at 4-5. A publicly available mortgage calculator shows that an 8-year loan in the amount of $137,000 at an interest rate of 5.625% would require $33,445 (rounded) in interest payments over the course of the loan, the same amount Plaintiff contends he properly owed in interest. *See* Mortgage Calculator, *available at*

*http://www.bankrate.com/calculators/mortgages/mortgage-calculator.aspx)*

(last visited Mar. 14, 2012); *see also* Pl. Mot. & Opp. at 5. Subtracting this figure from the total interest he claims he

**[07/08]**

had paid on his 30-year loan at the time of refinancing, Richardson concludes that he paid Capital One $25,376 in unearned interest.[53] Pl. Mot. & Opp. at 5.

As Plaintiff is not permitted to advance a claim in his Motion and Opposition that was not alleged in his Complaint, the Court need not consider the merits of Plaintiff's argument. *See Coleman v. Pension Benefit Guar. Corp.,* 94 F.Supp.2d 18, 24 n.8 (D.D.C. 2000) [quoting *Morgan Distrib. Co. v. Unidynamic Corp.,* 868 F.2d 992, 995 (8th Cir. 1989)] ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Palmer v. GMAC Commercial Mortg.,* 628 F.Supp.2d 186, 195 n.10 (D.D.C. 2009) (claim raised for first time in opposition to motion to dismiss is not part of lawsuit).

Third, even if this argument were properly before the Court, there is a fundamental problem with Richardson's position. His argument relies on the incorrect assumption that Capital One was required "to recalculate the loan terms based upon the *new* payoff date (September 2011) and not the *original* payoff date (August 2033)." Pl. Mot. & Opp. at 5. Plaintiff provides no support for his novel theory that he is entitled to pay the lower interest on an 8-year mortgage when he agreed to a loan with a 30-year term. In fact, had he taken out an 8-year mortgage in the first place, his monthly payment would have been $1,775.46, approximately $1,000 more per month than he was required to pay on his 30-year loan. *See* Mortgage Calculator, *available at http://www.bankrate.com/calculators/mortgages/mortgage-calculator.aspx);* Compl., ¶ 10. Richardson wishes to receive the benefit of the lower monthly payment associated with the 30-year mortgage while at the same time paying the lower interest charge on an 8-year mortgage. He cannot have his cake and eat it too.

---

[53] Richardson's Complaint and Motion for Summary Judgment give different figures for the total amount of interest Richardson paid on the loan ($58,004 (rounded) and $58,821 (rounded) respectively). Compare Compl., Appx. A at 11 with Pl. Mot. & Opp. at 5. Richardson uses the latter number in his Motion to calculate how much interest Capital One owed him upon refinancing. *See* Pl. Mot. & Opp. at 5.

**[08/09]**

C. *Remaining State-Law Claims*

In addition to asserting a federal claim under 15 U.S.C. § 1615, Plaintiff has alleged that Capital One violated the D.C. Consumer Protection Procedures Act and breached its contractual duties under the loan agreement. In fact, his principal argument in his Reply is that the loan agreement represents a contract of adhesion. *See id.* at 6-15. The district court has supplemental jurisdiction over these state-law claims because they arise from the same case or controversy as Plaintiff's federal claim, over which the court has original jurisdiction. *See* 28 U.S.C. § 1367(a). Where, as here, the Court dismisses the federal claim, it may nevertheless decline to exercise supplemental jurisdiction over the remaining claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (supplemental jurisdiction, otherwise known as pendent jurisdiction, is a "doctrine of discretion, not of plaintiff's right"), *quoted in Shekoyan v. Sibley Intern.,* 409 F.3d 414, 423 (D.C. 2005); *see also* 28 U.S.C. § 1367(c)(3).

In deciding whether to exercise its jurisdiction over supplemental claims, federal courts should consider "judicial economy, convenience and fairness to litigants." *Id.* Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988); *see also Edmondson & Gallagher v. Alban Towers Tenants Ass'n,* 48 F.3d 1260, 1267 (D.C.Cir.1995) (finding the discretion set out in *Carnegie-Mellon Univ.* "unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990").

Here the factors weigh against retention of the case. Plaintiff's only federal claim is being dismissed. This case has not progressed in federal court past Defendant's initial Motion. Indeed, Defendant has not yet even filed its Answer, and the Court has developed familiarity

**[09/10]**

with neither the parties nor the issues presented. *Cf. Schuler v. PricewaterhouseCoopers, LLP,* 595 F.3d 370, 378 (D.C. Cir. 2010) (finding that district court appropriately retained pendent jurisdiction over state claims where it had "invested time and resources" in the case). The Court can thus conceive of no undue inconvenience or unfairness to the litigants that would result from such a decision. Finally, Plaintiff will not be prejudiced because 28 U.S.C. § 1367(d) provides for a tolling of the statute of limitations during the period the case was here and for at least 30 days thereafter. *See Shekoyan,* 409 F.3d at 419 (affirming district court finding that because of this tolling, dismissal of pendent state claims "will not adversely impact plaintiff's ability to pursue his District of Columbia claims in the local court system.") (internal citation omitted). The Court, therefore, will dismiss those claims without prejudice, allowing Plaintiff to pursue them, if he so wishes, in the appropriate local court.

### IV. Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order this day dismissing Plaintiff's federal claim with prejudice and his state-law claims without prejudice and denying his Motion for Summary Judgment.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: March 16, 2012

**[10/10]**

---

### *T. Carlton Richardson v. Capital One, N.A., d/b/a Capital One Bank, N.A.*
**CA No. 11-1849, D.C., D.C. (Boasberg, J., 03/16/2012)**

---

[01/01]

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that:

1. Defendant's Motion to Dismiss is GRANTED;
2. Plaintiff's federal claim is DISMISSED WITH PREJUDICE;
3. Plaintiff's state-law claims are DISMISSED WITHOUT PREJUDICE; and
4. Plaintiff's Motion for Summary Judgment is DENIED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: March 16, 2012

■ **APPENDIX "B"** ■

---

*T. Carlton Richardson v. Capital One, N.A., d/b/a Capital One Bank, N.A.*
CA No. 11-1849, D.C., D.C. (Boasberg, J., 05/16/2012)

---

**[01/01]**

## ORDER

On March 16, 2012, this Court granted Defendant's Motion to Dismiss. In its Memorandum Opinion, it explained that Plaintiff's avowed bases for federal jurisdiction were deficient and that I would not exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Plaintiff now asks the Court to reconsider its decision, which the Court declines to do.

Plaintiff raises several arguments in his Motion, the first of which relates to subject-matter jurisdiction. In his Complaint, Plaintiff cited 28 U.S.C. §§1331 (federal jurisdiction) and 2202 (declaratory judgments) as the bases for the Court's jurisdiction. Compl., ¶4. The sole federal cause of action presented was one under 15 U.S.C. §1615, which the Court dismissed, and there is a "well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction." *C&E Services, Inc. of Washington v. District of Columbia Water & Sewer Authority,* 310 F.3d 197, 201 (D.C. Cir. 2002) (citation and internal quotation marks omitted). In his current Motion, Plaintiff now argues that the Court should have *sua sponte* considered other sources of federal jurisdiction—namely, diversity jurisdiction under §1332 and

**[01/02]**

commerce jurisdiction under §1337. Mot. at 9-10. Yet, the Court could not have inferred diversity jurisdiction from the language of the Complaint since Plaintiff never even alleged the citizenship of the Defendant. *See* Compl., ¶3. Similarly, jurisdiction under §1337 was unavailing since that section requires that the action arise "under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," 28 U.S.C. §1337(a), and Plaintiff's only remaining claims arose under District or common law.

Plaintiff also argues that the Court should have exercised supplemental jurisdiction over the non-federal claims. Mot. at 11-12. The Court fully explained why it had determined not to do so. *see* (sic) Mem. Op. at 9-10, and Plaintiff has not called any of those reasons into question.

Next, Plaintiff complains that the Court improperly considered matters outside of the Complaint. Mot. at 2, 18-19. The Memorandum Opinion indeed used a mortgage calculator to determine interest payment over different loan terms, *see* Mem. Op. at 7-8, but the Court may take judicial notice of basic mathematical formulae. *See, e.g., Miller v. Federal Land Bank of Spokane,* 587 F.2d 415, 422 (9th Cir. 1978) (in case relating to mortgage debt and interest, holding, "This is a matter of mathematics, of which the court could and should have taken judicial notice."); *Duckworth v. State Bd. Of (sic) Elections,* 213 F.Supp. 2d 543, 550 (D.Md. 2002) (taking judicial notice of population variance "under immutable laws of mathematics"). In any event, as the Court noted, those calculations likely did not even relate to Plaintiff's federal claim. *See* Mem. Op. at 7.

Plaintiff also asserts *(sic)* the Court should have considered the promissory note attached to Defendant's Motion to Dismiss. Mot. at 2-3. It is entirely unclear to the Court what Plaintiff would have had the Court do with the note – beyond the calculations it performed based on the numbers provided by Plaintiff himself – or how it would have changed the outcome.

**[02/03]**

Finally, to the extent Plaintiff seeks now to amend his Complaint, *see* Mot. at 20-21, he fails to comply with LCvR 7(i) by not attaching a copy, nor does he explain how he would surmount the jurisdictional hurdle.

The Court, therefore, ORDERS that the Motion is DENIED.
IT IS SO ORDERED.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: <u>May 15, 2012</u>