**RECORD NO. 12-7044**

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals

### For The District of Columbia Circuit

# T. CARLTON RICHARDSON,

*Plaintiff – Appellant*,

**v.**

# CAPITAL ONE, N.A.,
# doing business as Capital One Bank, N.A.,

*Defendant – Appellee*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

––––––––––––––––

## BRIEF OF APPELLEE

––––––––––––––––

Anand V. Ramana
Jessica D. Fegan
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C.  20006
(202) 857-1734

*Counsel for Defendant – Appellee*

## CORPORATE DISCLOSURE STATEMENT

On June 25, 2012, Appellee Capital One, N.A., d/b/a Capital One Bank, N.A.[1] ("Capital One"), submitted its Rule 26.1 Disclosure Statement.  Capital One incorporates that Disclosure Statement herein by reference.

## CERTIFICATE OF PARTIES, RULINGS AND RELATED CASES

### I.     Parties.

The parties to this case are (1) *Pro Se* Appellant T. Carlton Richardson ("Richardson") and (2) Capital One, which is a national banking association that engages in, among other things, residential mortgage lending.  There were no other parties, intervenors, or *amici* before the district court, or that are appearing in this Court.

### II.    Rulings Under Review.

Richardson primarily seeks review of the United States District Court for the District of Columbia's order granting Capital One's motion to dismiss his complaint to recover Capital One's alleged retention of an overpayment of interest on a fully prepaid mortgage loan.  In its motion to dismiss, Capital One argued that Richardson has not viably pled a violation of 15 U.S.C. § 1615 (2006), which prohibits certain methods of calculating unearned interest on a prepaid loan, and, in

---

[1] Appellee is named in this litigation as Capital One, N.A., d/b/a Capital One Bank, N.A.  Capital One does not do business as Capital One Bank for residential mortgage loans.

i

any event, the facts of the complaint conclusively demonstrate that Capital One did not improperly calculate Richardson's unearned interest.  On March 16, 2012, Judge Boasberg dismissed with prejudice Richardson's 15 U.S.C. § 1615 claim because he determined that, *inter alia*, Richardson did not allege a scenario that constituted a violation of that statute and that Capital One *could not* have violated that statute by employing the impermissible "Rule of 78s" method of calculating unearned interest under the facts as Richardson presented them.  Upon dismissing the only federal-law claim, the district court then declined to exercise supplemental jurisdiction over Richardson's remaining state-law claims for breach of contract and a violation of the D.C. Consumer Protection Procedures Act and, therefore, dismissed them without prejudice.   The official citation of the district court's opinion is *Richardson v. Capital One, N.A.*, 839 F. Supp. 2d 197 (D.D.C. 2012).

Richardson also seeks review of the district court's decision to deny his post-dismissal motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.  In that motion, Richardson contended that the district court failed to consider *sua sponte* whether additional grounds of federal subject matter jurisdiction existed to permit the court to adjudicate the state-law claims even upon dismissal of the 15 U.S.C. § 1615 claim.  Additionally, Richardson raised all of the issues presented in this appeal, including his contention that the court improperly relied on matters outside of the complaint and failed to grant him appropriate

inferences from the facts alleged in the complaint.  The district court denied this motion on May 16, 2012 and there is no official citation to that opinion.

### III.   **Related Cases.**

This case has not previously been before this Court and the district court decisions were rendered in the U.S. District Court for the District of Columbia. Capital One is not aware of any other related cases to this appeal.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

CORPORATE DISCLOSURE STATEMENT ....................................................... i

CERTIFICATE OF PARTIES, RULINGS AND RELATED CASES.................... i

TABLE OF CONTENTS............................................................................... iv

TABLE OF AUTHORITIES ................................................................... vi

JURISDICTIONAL STATEMENT ....................................................... 1

STATEMENT OF THE ISSUES............................................................... 1

STATUTES AND REGULATIONS.......................................................... 2

STATEMENT OF THE CASE.................................................................. 2

STATEMENT OF ALLEGED FACTS...................................................... 5

SUMMARY OF THE ARGUMENT ........................................................ 7

ARGUMENT ........................................................................................ 8

    I.    Standard of Review. ................................................................. 8

        A.    Appellate Review of a Rule 12(b)(6) Motion to Dismiss........... 8

        B.    Appellate Review of a Rule 59(e) Motion for Reconsideration........................................................................ 10

    II.    The District Court Applied the Proper Standard of Review to the Motion to Dismiss ........................................................ 11

        A.    The District Court Properly Declined to Accept Incorrect or Unsupported Legal Conclusions.......................................... 11

B.   The District Court Correctly Identified and Utilized Mathematical Calculations in Dismissing the Complaint ........17

   1.   The District Court Properly Relied on Indisputable Mathematical Equations Not Specifically Alleged in the Complaint ...........................................................18

   2.   The District Court's Reliance on an Internet Mortgage Calculator was Appropriate ...........................20

   3.   The District Court Provided an Opportunity to be Heard on the Use of Mathematical Calculations............22

C.   The District Court Did Not Err When it Did Not to Recognize Richardson's Other Purported Claims in the Complaint .................................................................23

III.   The District Court Correctly Resolved All Jurisdictional Issues........26

   A.   The Exercise of Supplemental Jurisdiction was Not Appropriate for the Remaining State-Law Claims ..................26

   B.   The District Court was Not Required to Read Additional Bases of Jurisdiction Into the Complaint ..................................29

IV.   The District Court Did Not Abuse Its Discretion in Denying Richardson Leave to Amend the Complaint .......................................32

CONCLUSION ....................................................................34

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

ADDENDUM OF STATUTES

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>CASES</u>

*Amadasu v. Christ Hosp.*,
    514 F.3d 504 (6th Cir. 2008) .........................................................................23

*Arbaugh v. Y & H Corp.*,
    546 U.S. 500, 126 S. Ct. 1235 (2006) ...........................................................26

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) .......................................................9, 10

*\*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................8, 9, 24

*\*Bone v. Hibernia Bank*,
    493 F.2d 135 (9th Cir. 1974) ...................................................................14, 33

*\*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343, 108 S. Ct. 614 (1988) .......................................................27, 29

*Davis v. District of Columbia*,
    800 F. Supp. 2d 28 (D.D.C. 2011).................................................................29

*Duckworth v. State Bd. of Elections*,
    213 F. Supp. 2d 543 (D. Md. 2002)...............................................................19

*\*Edmondson & Gallagher v. Alban Towers Tenants Ass'n*,
    48 F.3d 1260 (D.C. Cir. 1995)................................................................10, 29

*\*Farah v. Esquire Magazine, Inc.*,
    863 F. Supp. 2d 29 (D.D.C. 2012)..........................................................18, 20

*Foman v. Davis*,
    371 U.S. 178, 83 S. Ct. 227 (1962) ...............................................................32

 * Denotes authorities chiefly relied upon.

*Gantt v. Commonwealth Loan Co.*,
    573 F.2d 520 (8th Cir. 1978) ........................................................................33

*Hamlin v. Vaudenberg*,
    95 F.3d 580 (7th Cir. 1996) ..........................................................................25

*Herst Revocable Trust v. Blinds to Go (U.S.) Inc.*,
    2011 U.S. Dist. LEXIS 124430 (D. Md. Oct. 26, 2011) ...............................19

*Hinton v. Corr. Corp. of Am.*,
    624 F. Supp. 2d 45 (D.D.C. 2009).................................................................17

*Hishon v. King & Spalding*,
    467 U.S. 69, 104 S. Ct. 2229 (1984) ..............................................................8

*Holy Land Found. for Relief & Dev. v. Ashcroft*,
    333 F.3d 156 (D.C. Cir. 2003)........................................................................8

*In re King Resources Co. Inc.*,
    651 F.2d 1326 (10th Cir. 1980) ....................................................................23

*Joyce v. Morgan Stanley & Co.*,
    538 F.3d 797 (7th Cir. 2008) ........................................................................25

*Kaempe v. Myers*,
    367 F.3d 958 (D.C. Cir. 2004)................................................................13, 16

*Kedziora v. Citicorp Nat'l Services, Inc.*,
    780 F. Supp. 516 (N.D. Ill. 1991).................................................................14

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994).......................................................................12

*Levin v. Commerce Energy, Inc.*,
    130 S. Ct. 2323 (2010)..................................................................................29

*M.F. v. State of N.Y. Exec. Dep't Div. of Parole*,
    640 F.3d 491 (2d Cir. 2011) .........................................................................30

*Messina v. Krakower*,
  439 F.3d 755 (D.C. Cir. 2006)....................................................................10

*\*Miller v. Fed. Land Bank*,
  587 F.2d 415 (9th Cir. 1978) ....................................................................19

*Naartex Consulting Corp. v. Watt*,
  722 F.2d 779 (D.C. Cir. 1983)....................................................................31

*Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel*,
  606 F.3d 780 (D.C. Cir. 2010)....................................................................30

*O'Toole v. Northrop Grumman*,
  499 F.3d 1218 (10th Cir. 2007) ................................................................20

*Porter v. Ollison*,
  620 F.3d 952 (9th Cir. 2010) ....................................................................20

*Reliable Automatic Sprinkler Co. Inc. v. Consumer Prod. Safety Comm'n*,
  324 F.3d 726 (D.C. Cir. 2003)......................................................................8

*Richardson v. Capital One, N.A.*,
  839 F. Supp. 2d 197 (D.D.C. 2012).............................................................. ii

*Richardson v. D.C. Ct. of Appeals*,
  962 F. Supp. 1 (D.D.C. 1997)....................................................................28

*Richardson v. District of Columbia*,
  711 F. Supp. 2d 115 (D.D.C. 2010).............................................................28

*Shekoyan v. Sibley, Int'l*,
  409 F.3d 414 (D.C. Cir. 2005)....................................................................27

*Sweatt v. U.S. Navy*,
  683 F.2d 420 (D.C. Cir. 1982)....................................................................25

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308, 127 S. Ct. 2499 (2007) ..................................................10, 18

*Temkin v. Frederick County Commissioners*,
    945 F.2d 716 (4th Cir. 1991) .......................................................................10

*\*Trudeau v. Fed. Trade Comm'n*,
    456 F.3d 178 (D.C. Cir. 2006)........................................................12, 13, 17

*United Mine Workers v. Gibbs*,
    383 U.S. 715, 86 S. Ct. 1130 (1966) .........................................................28

*United States v. Am. Tel. & Tel. Co.*,
    551 F.2d 384 (D.C. Cir. 1976)....................................................................30

*\*United States v. Bari*,
    599 F.3d 176 (2d Cir. 2010) .......................................................................22

*United States v. Perea-Rey*,
    680 F.3d 1179 (9th Cir. 2012) ...................................................................20

*United States v. Yannotti*,
    457 F. Supp. 2d 385 (S.D.N.Y. 2006) ......................................................25

*Vigilant Ins. Co. v. EEMAX, Inc.*,
    362 F. Supp. 2d 219 (D.D.C. 2005)...........................................................28

*\*Wiskup v. Liberty Buick Co., Inc.*,
    953 F. Supp. 958 (N.D. Ill. 1997)..............................................................14

*Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia*,
    93 F.3d 910 (D.C. Cir. 1996)......................................................................26

## **STATUTES**

15 U.S.C. § 1615.................................................... i, ii, 1, 2, 3, 4, 6, 7, 12, 13, 16, 21, 24, 32, 34

28 U.S.C. § 1291 ............................................................................................1

28 U.S.C. § 1294 ............................................................................................1

28 U.S.C. § 1331 ............................................................................................1

28 U.S.C. § 1332 ........................................................................................29

28 U.S.C. § 1337 ...............................................................................29, 31

28 U.S.C. § 1367 .......................................................................11, 26, 27

## RULES

Fed. R. App. P. 4 ...........................................................................................1

Fed. R. App. P. 30 ..........................................................................................2

Fed. R. Civ. P. 8 ...........................................................................................24

Fed. R. Civ. P. 12(b)(6) ..............................................................8, 10, 18, 22

Fed. R. Civ. P. 59 ...............................................................................1, 4, 10

Fed. R. Evid. 201 ..........................................................18, 20, 22, 23

LCvR 7(i) ....................................................................................................33

## JURISDICTIONAL STATEMENT

The U.S. District Court for the District of Columbia had original subject matter jurisdiction over this action pursuant to federal question jurisdiction under 28 U.S.C. § 1331.  Specifically, Richardson alleged in the complaint that Capital One had violated 15 U.S.C. § 1615, which is a provision of the Truth in Lending Act.

The U.S. Court of Appeals for the District of Columbia Circuit has appellate jurisdiction over this action pursuant to 28 U.S.C. §§ 1291, 1294.  Richardson now appeals the district court's March 16, 2012 order disposing of all of the parties' claims, as well as the district court's May 16, 2012 order denying Richardson's motion for reconsideration.

On May 22, 2012, Richardson timely filed a Notice of Appeal.  *See* FED. R. APP. P. 4 (requiring a notice of appeal to be filed within 30 days after the entry of an order disposing of a motion to alter or amend judgment under FED. R. CIV. P. 59).

## STATEMENT OF THE ISSUES

1.      Whether the district court properly applied the standard of review in granting Capital One's motion to dismiss when it declined to accept legal conclusions as true for which the complaint failed to include any supporting factual allegations.

1

2.      Whether the district court took appropriate judicial notice of mathematical formulas and calculations previously articulated in federal case law.

3.      Whether the district court correctly applied its discretion to decline the exercise of supplemental jurisdiction over state-law claims after dismissing the only federal claim.

4.      Whether the district court should have on its own recognized additional grounds of subject matter jurisdiction when Richardson did not identify in his complaint any legal or factual basis for jurisdiction to adjudicate the state law claims.

## STATUTES AND REGULATIONS

All statutes and regulations central to this brief are included in the Addendum attached hereto.

## STATEMENT OF THE CASE

Richardson filed this action against Capital One in the U.S. District Court for the District of Columbia on October 19, 2011, asserting original subject matter jurisdiction based only on federal question and declaratory judgment jurisdiction. *See* Complaint at 2.[2]  His complaint stated "a claim under U.S.C. § 15:1615 that

---

[2] Capital One notes that Richardson did not submit a separate appendix in compliance with FED. R. APP. P. 30; however, he did set forth the language of the two orders from which he appeals as exhibits to his own brief.  Because there is no formal appendix, Capital One refers to the page numbers of the individual documents in the original record of the district court.

prohibits the use of a method of amortizing a loan known as the 'Rule of 78s' in connection with mortgages and other consumer loans."  Complaint at 2.  The foundation of Richardson's complaint was that Capital One had improperly calculated his interest payments at origination of the mortgage loan and, as a consequence, failed to refund the correct amount of that interest in violation of 15 U.S.C. § 1615 when he paid his loan off early.  *See* Complaint at 1, 3.  Richardson complemented his federal claim with state-law statutory and common law claims.

Capital One moved to dismiss the complaint on November 15, 2011.  Capital One argued that Richardson failed to state a claim for a violation of 15 U.S.C. § 1615 because he failed to allege conduct that violates the statute.  The pertinent statute does not address methods of calculating total interest payments at the origination of a loan and, therefore, Richardson's claim failed.  Capital One further argued that the alleged facts showed Capital One could not have violated the statute in improperly calculating earned interest at the time of the refinance.  Thus, even if Richardson had alleged a violation of the statute, the facts did not support such a claim.

On March 16, 2012, the district court granted Capital One's motion to dismiss.  Specifically, the court held that Richardson failed to state a claim for a violation of 15 U.S.C. § 1615 because (1) that statute does not prohibit the use of the Rule of 78s in amortizing a loan *at origination* as Richardson claimed Capital

One had done, (2) even if Richardson had concluded that Capital One employed the Rules of 78s to calculate unearned interest for loan payoff purposes (which he did not), an application of the Rule of 78s to the alleged loan terms demonstrated that Capital One *could not have* used that prohibited method to determine earned interest at the time Richardson refinanced and paid off his loan, (3) Richardson effectively conceded that Capital One calculated his earned interest with the actuarial method by completely failing to respond to Capital One's argument that it did not employ the Rule of 78s in a manner inconsistent with 15 U.S.C. § 1615, and (4) Capital One was not required to recalculate the terms of Richardson's original loan at the time he refinanced.  *See* Motion to Dismiss Opinion at 5-8. After dismissing Richardson's federal claim with prejudice, the court declined to exercise jurisdiction over the remaining state-law claims, which were dismissed without prejudice, permitting Richardson to assert them in the appropriate local court.[3]  *See* Motion to Dismiss Opinion at 9-10.

Richardson then moved for the district court to reconsider its dismissal of the entire complaint under Rule 59 of the Federal Rules of Civil Procedure.  In that motion, Richardson raised identical arguments to those stated in his appellate brief. Specifically, Richardson argued that the district court failed to consider *sua sponte*

---

[3] As a result of this ruling on Capital One's motion to dismiss, the district court did not consider the arguments in Richardson's motion for summary judgment.  *See* Motion to Dismiss Opinion at 3.

whether additional grounds of federal subject matter jurisdiction existed, improperly failed to exercise supplemental jurisdiction over the state-law claims, relied on impermissible materials outside of the complaint, and failed to grant the plaintiff appropriate inferences as required under the prevailing standard of review when considering a motion to dismiss.

The district court denied the motion for reconsideration because (1) it could not have inferred diversity jurisdiction based on diversity of citizenship from the complaint because Richardson did not allege citizenship of both parties, (2) Richardson did not call into question any of the reasons justifying its decision on supplemental jurisdiction, (3) it properly took judicial notice of mathematical formulas, (4) Richardson failed to state how the outcome of the motion would have been different with a specific reference to the note, and (5) Richardson failed to justify his request to amend his complaint. *See generally* Motion for Reconsideration Order. Richardson then noted his appeal of these two orders.

## STATEMENT OF ALLEGED FACTS

In September 2003, Richardson took out a mortgage loan in the principal amount of $137,000. *See* Complaint at 2. This 30-year loan involved an interest rate of 5.625% and monthly principal and interest payments of $788.65. *See* Complaint at 2-3. If Richardson paid all of the monthly payments for the entire 30-year term of this loan, the total amount owed would have been $283,913.74, of

which $146,913.74 would have been allocated to interest. *See* Complaint at 3. Significantly, Richardson alleged that this loan was amortized using the Rule of 78s, but in his opposition to Capital One's motion to dismiss, he admitted that the loan was amortized using the actuarial method. *See* Complaint at 3; *see also* Motion to Dismiss Opinion at 6.

In September 2011, Richardson refinanced his original 2003 loan with Capital One. At the time of the refinancing, he owed a principal balance of $119,294.38. Based on his own unexplained calculations, Richardson sent a letter to Capital One on or about October 3, 2011, requesting a refund of excess interest on the loan and an allegedly unnecessary monthly payment for a total of $24,515.00 plus interest accruing at a rate of $3.78 per day. *See* Complaint at 3-4; *see also* Complaint, Appendix A (providing Table of Excess Interest Paid on Mortgage). Approximately two weeks later, Richardson filed his complaint alleging that Capital One violated 15 U.S.C. § 1615, the consumer protection laws of the District of Columbia, and the loan agreement by failing to refund the excess interest. *See* Complaint at 4. For these alleged violations, Richardson requested injunctive and declaratory relief, as well as monetary damages.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Richardson's claim pursuant to 15 U.S.C. § 1615 with prejudice because Richardson misstated what was prohibited under the applicable federal statute, such that he failed to state a claim. Moreover, applying the mathematical calculations to the facts alleged, Capital One could not have used a prohibited method of calculating earned interest at the time of Richardson's loan refinance. Richardson conceded as much in his opposition to Capital One's motion to dismiss that Capital One had used an appropriate method of calculating the loan terms.

In properly determining Capital One's motion to dismiss on this claim, the district court applied the appropriate standard of review, including resolving all factual inferences in Richardson's favor. It properly declined to accept as true pure legal conclusions with no factual support in the complaint. Drawing from other federal case law, the district court also took appropriate judicial notice of mathematical formulas and did not assume the truth of any mathematical conclusions that contradicted those judicially-noticed equations.

As to Richardson's remaining state-law claims for breach of contract and a violation of the D.C. Consumer Protection Procedures Act, the district court appropriately declined to exercise supplemental federal jurisdiction over these claims and dismissed them without prejudice. This decision was consistent with

7

the principle that federal courts are of limited jurisdiction, as well as federal policy that local courts should resolve local matters under local laws. Further, the district court was under no legal obligation to scour Richardson's complaint for alternative grounds of federal jurisdiction and, in any event, could not have found any based on Richardson's allegations if it had. In short, the district court properly resolved Capital One's motion to dismiss and this Court should affirm the judgment.

## ARGUMENT

## I.    Standard of Review.

### A.    Appellate Review of a Rule 12(b)(6) Motion to Dismiss.

This court reviews *de novo* a district court's grant of a motion to dismiss. *See Reliable Automatic Sprinkler Co., Inc. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003). A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citation omitted). While the Court must take all factual allegations made in a complaint as true, *see Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), the United States Supreme Court heightened a plaintiff's pleading requirements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In order to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative

level . . . on the assumption that all of the allegations in the complaint are true." *Id*. at 555, 127 S. Ct. at 1965 (internal quotations and citations omitted). A viable complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that it has "nudged [his] claims across the line from conceivable to plausible." *Id*. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In *Iqbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal. First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, 129 S. Ct. at 1949 (citation omitted). Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense. *Id.* at 679, 129 S. Ct. at 1950. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of truth." *Id.* In applying this approach, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007).

### B.    Appellate Review of a Rule 59(e) Motion for Reconsideration.

Federal appellate courts review the denial of a motion filed under Rule 59(e) under an abuse of discretion standard. *See Temkin v. Frederick County Commissioners*, 945 F.2d 716, 724 (4th Cir. 1991). A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758-59 (D.C. Cir. 2006) (citation omitted).

Likewise, this court reviews a district court's decision as to whether to exercise supplemental jurisdiction over state-law claims following the dismissal of all asserted federal claims for an abuse of discretion. *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995). District

courts should be guided in that decision by the factors set forth in 28 U.S.C.

§ 1367(c).  *See id.*

## II.  **The District Court Applied the Proper Standard of Review to the Motion to Dismiss.**

The district court did not err in dismissing the complaint because (1) it

properly rejected incorrect or unsupported legal conclusions, (2) it properly

considered and applied pure mathematical formulas previously identified and

applied by other federal courts, and (3) it properly declined to recognize additional

claims for which the complaint did not provide fair notice.

### A.    **The District Court Properly Declined to Accept Incorrect or Unsupported Legal Conclusions.**

Richardson contends that the district court did not apply the appropriate

standard of review because it failed to treat factual allegations in the complaint as

true and did not evaluate the complaint in the light most favorable to him by

resolving all inferences in his favor.  *See* Appellant Brief at 23-24.  Although his

argument is not entirely clear, Richardson appears to contend that the district court

failed to apply the prevailing standard of review any time the court noted that he

made a legal conclusion that was not supported by the law or the facts.  Richardson

is incorrect, however, because he confuses asserted facts, to which he is entitled to

a presumption of truth for the purposes of the motion to dismiss, with legal

inferences from those facts and conclusions, to which he is not.

11

District courts are not required to accept as true "a legal conclusion couched as a factual allegation" or inferences which are not supported by the facts. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citation omitted); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out on the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.")

Here, the district court accepted as true all relevant facts that Richardson provided for the terms of his original loan, such as interest rate, length and amount in principal, as well as the amount of interest Capital One credited itself at the time of Richardson's refinance in comparison to the remaining principal balance. *See* Complaint at 2-3. There are several "allegations," however, that the district court did not resolve in Richardson's favor because they were either pure legal conclusions or legal conclusions not supported by factual allegations.

First, the district court ultimately rejected Richardson's legal conclusion that 15 U.S.C. § 1615 "prohibits the use of a method of amortizing a loan known as the 'Rule of 78s' in connection with mortgages and other consumer loans." *See* Complaint at 2. In actuality, that statute states as follows with respect to the Rule of 78s:

> Use of 'Rule of 78's' prohibited. For the purpose of *calculating any refund of interest* required under subsection (a) for any precomputed

12

consumer credit transaction of a term exceeding 61 months which is consummated after September 30, 1993, the creditor shall compute the refund based on a method which is at least as favorable to the consumer as the actuarial method.

15 U.S.C. § 1615(b) (emphasis added). Indeed, this statute is silent as to amortization all together. *See generally* 15 U.S.C. § 1615. Thus, the district court properly disregarded Richardson's legal conclusion that the statute prohibited a particular method of amortizing consumer loans.

Moreover, the district court properly rejected Richardson's conclusion that Capital One had violated 15 U.S.C. § 1615 by employing the Rule of 78s because a simple mathematical calculation using the alleged relevant facts about his loan terms revealed that Richardson's conclusion was demonstrably incorrect. *See Trudeau*, 456 F.3d at 193; *see also Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

Indeed, Capital One could not have and did not use the Rule of 78s to calculate Richardson's unearned interest at the time he paid off the original loan. The Rule of 78s is "a shorthand method of determining the interest earned at any point in the term of a credit purchase. It is not as precise as the actuarial method, which uses a series of computations to determine the interest due for each payment

13

period." *Wiskup v. Liberty Buick Co., Inc.*, 953 F. Supp. 958, 968 (N.D. Ill. 1997) (citation omitted); *see also Bone v. Hibernia Bank*, 493 F.2d 135, 137 (9th Cir. 1974) (explaining that the actuarial method produces true interest yields over the life of the loan, but the Rule of 78s is more easily computed). In short term loans, the Rule of 78s and the actuarial method obtain very similar results; however, for longer term loans, the difference can be significant, particularly in the early period of the loan, and the Rule of 78s will calculate higher interest accrued in favor of the creditor for that time. *See Wiskup*, 953 F. Supp. at 968. Expressed in words, the Rule of 78s is:

> [T]he numerator of [the fraction] is the sum of the series of integers between 1 and the number of payments yet to be made. The denominator is the sum of a series of integers between 1 and the number of payments originally contracted for. This fraction is multiplied by the total precomputed finance charge to determine the unearned portion of that charge.

*Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F. Supp. 516, 523 (N.D. Ill. 1991) (describing method of calculation of Rule of 78s). Expressed as an algebraic equation, the Rule of 78s is:

$$f * [k(k+1)/n(n+1)] = u$$

where "u" equals the unearned interest, "f" equals the total agreed interest payment in the Note, "k" equals the number of months that a borrower will not pay because he is paying off the loan early; and "n" equals the total number of months had the loan extended to the full term.

14

Capital One demonstrated that it did not use the Rule of 78s when it calculated Richardson's unearned interest simply by incorporating Richardson's alleged figures[4] into the Rule of 78s mathematical expression:

$$(\$146,913.74) * [264(264+1)/360(360+1)] = \$79,086.52$$

Here, the unearned interest at the time of the loan payoff using the Rule of 78s would be calculated as $79,086.52. Thus, the earned interest would have been the total amount of interest for the life of the loan ($146,913.74) less the unearned interest ($79,086.52), for a total of $67,827.22. The district court used this formula to determine that, had Capital One used the Rule of 78s to calculate Richardson's unearned interest, it would have concluded Capital One was entitled to credit for $67,827.18 in earned interest payments at payoff, and not the $58,004.82 that Richardson alleged. *See* Motion to Dismiss Opinion at 6. If Capital One had used the Rule of 78s, Richardson's outstanding principal balance would have been $129,116.78, which is significantly higher than the $119,294.38 that Capital One reported to Plaintiff at the time of his refinance. *See* Motion to Dismiss Opinion at 3. Given the facts alleged in the complaint, the district court relied on calculations to determine that Capital One could not have used the Rule of 78s to calculate the earned interest on the loan at the time of refinance and, therefore, Richardson could

---

[4] Richardson alleged he agreed to a total interest payment of $146,913.74, that he refinanced and paid off the loan in the 96th month, thereby not paying the remaining 264 months, and that the original term of the loan was 30 years or 360 months. *See* Complaint at 2; Complaint, Appendix A at 11.

not support his claim for a violation of 15 U.S.C. § 1615.  As the district court is not required to accept the truth of facts that are contradicted by judicially noticed facts, it applied the appropriate standard of review.  *See Kaempe*, 367 F.3d at 963.

Finally, in his brief, Richardson provided a chart of quotations from the district court's opinion in which, he claims, the court failed to treat his allegations as true.  *See* Appellant Brief at 23-24.  These quotations actually provide instances in which the district court noted that Richardson misinterpreted the relevant law (see page 5 of the opinion where the court noted that 15 U.S.C. § 1615 does not prohibit using the Rule of 78s in amortizing the loan at origination), failed to state pertinent facts (see page 5 where the court indicated that the complaint failed to state that Capital One calculated a refund and with which method), failed to support his inferences with facts (see pages 6 and 8 where the court concluded that calculations demonstrated that Capital One could not have used the Rule of 78s to calculate unearned interest), and failed to provide legal support for his arguments (see page 8 where the court rejected Richardson's theory that Capital One was required to recalculate the terms of the original loan at the time of the refinance).

In short, Richardson does not show that the district court improperly disregarded any factual allegations as true.  To the contrary, the district court took all factual allegations as true in determining that Richardson's legal conclusions were without merit.   Accordingly, the district court properly applied the

16

appropriate standard of review in dismissing Richardson's case on Capital One's motion to dismiss. *See Trudeau*, 456 F.3d at 193.

**B.    The District Court Correctly Identified and Utilized Mathematical Calculations in Dismissing the Complaint.**

Richardson also argues that the district court improperly relied on mathematical formulas and material derived from sources outside of his complaint and, as a result, it should have converted the motion to dismiss to one for summary judgment and allowed him the opportunity to present additional evidence.[5] *See* Appellant Brief at 6, 22.  However, the district court correctly applied universally accepted mathematical principles in dismissing the complaint and allowed Richardson an opportunity to be heard on the propriety of doing so.

---

[5] Richardson also argues that the district court failed to consider relevant materials, specifically the promissory note that Capital One attached to its motion to dismiss. *See* Appellant Brief at 5-6; *see also Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (stating that courts may properly rely on documents "upon which the plaintiff's complaint necessarily relies" even if the document is produced by the defendant in a motion to dismiss).  Richardson, however, neglects to explain how the district court's decision was impacted by its alleged failure to recognize the terms of the note, which were the same as the terms he alleged in the complaint.  Thus, this Court should disregard Richardson's argument about the failure to recognize the promissory note.

17

### 1. The District Court Properly Relied on Indisputable Mathematical Equations Not Specifically Alleged in the Complaint.

Without actually challenging the correctness of the algebraic formulation of the Rule of 78s, Richardson first argues that a district court cannot perform basic mathematical functions on a motion to dismiss. *See* Appellant Brief at 6. This position is contracted by federal case law throughout the country.

In reviewing a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, . . . matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. at 322, 127 S. Ct. at 2509 (citation omitted). A court may take judicial notice of a fact that is not subject to "reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Farah v. Esquire Magazine, Inc.*, 863 F. Supp. 2d 29, 35 (D.D.C. 2012) (quoting FED. R. EVID. 201(b)). "A court may take judicial notice at any stage in a case." *Id.* (taking judicial notice of facts when considering a motion to dismiss).

Universal principles, such as mathematics, are appropriate subjects on which federal appellate courts have instructed lower courts to take judicial notice. For example, the Ninth Circuit held that the district court wrongfully refused to take

judicial notice of the reduction of total interest due on a loan as a result of an agreement to reduce the principal balance and shorten the amortization period because it is "a matter of mathematics, of which the court could and should have taken judicial notice." *See Miller v. Fed. Land Bank*, 587 F.2d 415, 422 (9th Cir. 1978).  Other federal district courts have also taken judicial notice of mathematical calculations and formulas.  In *Duckworth v. State Bd. of Elections*, the district court granted a motion to dismiss after taking judicial notice of minimal population variance, which it was permitted to do under the "immutable laws of mathematics." *See* 213 F. Supp. 2d 543, 550 (D. Md. 2002); *see also Herst Revocable Trust v. Blinds to Go (U.S.) Inc.*, No. ELH-10-3226, 2011 U.S. Dist. LEXIS 124430, at *83 n.27 (D. Md. Oct. 26, 2011) (stating that a mathematical formula is an appropriate subject for judicial notice).

Thus, Richardson's argument that the trial court was obligated to turn a blind eye to basic mathematical truths simply because he did not express them in his complaint is legally incorrect.  The district court was permitted to take judicial notice of the formula for the Rule of 78s because it is not subject to reasonable dispute as it is a generally known fact in this and all other territorial jurisdictions as an immutable mathematical principle.

## 2. The District Court's Reliance on an Internet Mortgage Calculator was Appropriate.

Richardson also incorrectly claims that courts can never rely on materials located on the internet, even if they contain universal truths or are otherwise appropriate for judicial notice. *See* Appellant Brief at 22. Richardson's argument is incorrect.

District courts may observe and rely on generally accepted principles and other judicially noticeable facts articulated online. For instance, the Ninth Circuit recently relied on a map located on a Google website because its accuracy could not reasonably be questioned. *See United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012); *see also Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that state court dockets and pleadings, including those on the internet, may be appropriate for judicial notice). Indeed, the Tenth Circuit held that it was an abuse of discretion for the district court not to incorporate materials on the internet into its analysis through Federal Rule of Evidence 201. In *O'Toole v. Northrop Grumman*, there was no indication that Northrop Grumman's online retirement fund earnings history was unreliable and the court noted that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web." 499 F.3d 1218, 1225 (10th Cir. 2007) (collecting example cases); *see also Farah*, 863 F. Supp. 2d at 35 (taking judicial notice of internet postings when considering motion to dismiss). This Court should, therefore, reject

20

Richardson's legal argument that the district court abused its discretion in relying on reliable information from the internet.

In this case, the district court's reliance on information online was appropriate. In explaining its reasoning for dismissing the case, the district court used an online mortgage calculator to determine how Richardson came to allege that he paid Capital One over $25,000 in unearned interest at the time of the refinance because he "calculate[ed] the interest he would have paid had his loan been for an 8-year term and subtract[ed] it from the total interest he paid in the first 8 years of his 30-year loan." Motion to Dismiss Opinion at 7. This allegation was based on Richardson's contention in his opposition to the motion to dismiss that Capital One was required to recalculate the interest on his original loan at the time he refinanced to reflect interest for an 8-year loan. The court also used the online mortgage calculator to determine that, if Richardson had originally agreed to an 8-year loan, he would have paid a much higher monthly payment than for his original 30-year loan. *See* Motion to Dismiss Opinion at 8. Based in part on these calculations, the district court rejected Richardson's contention that Capital One neglected to refund him unearned interest under 15 U.S.C. § 1615 because it failed to recalculate earned interest based on the time at which he refinanced.

The district court's reliance on the online mortgage calculator to verify his intuition about loan repayment terms was consistent with other reported federal

21

cases. The Second Circuit recently determined that the district court did not err by conducting an independent internet search to confirm its intuition that there are many types of yellow hats for sale. *See United States v. Bari*, 599 F.3d 176, 179-81 (2d Cir. 2010) (applying standard from FED. R. EVID. 201). The appellate court determined that this type of action confirming a matter of common knowledge was not an error and, as the cost of doing so reduced with the availability of the internet, was the type of thing the court expected to see more often. *See id.* at 180-81. Here, the district court also did not err in consulting an online mortgage calculator to confirm its intuition that mortgage loans with the same principal amount and interest rate, but terms that vary by 22 years, have different monthly payments. Richardson cannot establish that the district court erred in using the internet to confirm a matter of common knowledge.

Thus, as a matter of law, the trial court did not err in identifying and applying the mathematical information on the internet. Because the district court's application of the equation for the Rule of 78s was proper for a ruling on a Rule 12(b)(6) motion to dismiss, it did not need to convert the motion to dismiss into one for summary judgment.

### 3. The District Court Provided an Opportunity to be Heard on the Use of Mathematical Calculations.

Finally, contrary to Richardson's argument, the district court did not deny him an opportunity to be heard on the issue of applying mathematical calculations

to the facts alleged in the complaint.  *See* Appellant Brief at 7.  When courts recognize universal concepts and other facts through judicial notice, "[t]he parties are 'entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.'  Such request may be made even after judicial notice has been taken if prior notification is not given."  *In re King Resources Co.*, 651 F.2d 1326, 1337 (10th Cir. 1980) (quoting FED. R. EVID. 201(e)).  However, a hearing on judicial notice is not always required if there has been another opportunity to be heard.  *See Amadasu v. Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) (noting that a formal hearing was unnecessary because party had opportunity to be heard on judicial notice through filing objections to the magistrate judge's report and recommendation).

Here, Richardson had the opportunity to contest the reliability and accurateness of the formula for the Rule of 78s in his opposition to Capital One's motion to dismiss, as well as to object to the district court's calculations in his motion for reconsideration, which he failed to do.  Because he had the opportunity to be heard on this issue, he was not entitled to a formal hearing and the district court did not err in not holding one.

### C.  The District Court Did Not Err When it Did Not Recognize Richardson's Other Purported Claims in the Complaint.

On appeal, Richardson contends that he alleged "6 (six) major categories of claims" in his complaint, including Truth in Lending Act violations for his original

2003 loan and 2011 refinanced loan, a claim for unconscionability based on an adhesion contract, breaches of fiduciary duty, and various torts.  *See* Appellant Brief at 8-12.  The complaint, however, only alleges claims for a violation of 15 U.S.C. § 1615, violation of the D.C. Consumer Protection Procedures Act, and breach of contract.  *See* Complaint at 2.  To the extent that Richardson alleges that the district court failed to recognize these additional causes of action, this argument fails.

Based on even the most liberal reading of Richardson's complaint, he has failed to provide Capital One with fair notice of these claims.  Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.  Richardson's complaint fails to satisfy this requirement as to the alleged claims of failure to provide disclosures under the Truth in Lending Act, breach of fiduciary duty, various torts, unconscionability, and others.  Thus, he has failed to state valid claims for these causes of action and the district court rightfully did not recognize them.

This Court and others have refused to adopt the argument that courts should construe pleadings so liberally as to read the plaintiff's mind.  "Although we are mindful that pro se complaints should be liberally construed, an admonition not too

24

stringently to construe pro se pleadings is not a direction to construe them teleologically." *Sweatt v. U.S. Navy*, 683 F.2d 420, 424 (D.C. Cir. 1982) (internal citations omitted) (rejecting argument that court should read injunctive relief into complaint that only requests monetary damages); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 583-84 (7th Cir. 1996) (declining argument that court should have construed complaint to raise federal claims where only state-law claims were discussed).  The district court had no responsibility to speculate about other claims that Richardson wanted to assert, but for which he provided no factual or legal support, and read those claims into the complaint.

Further, Richardson having raised these new claims in his motion for reconsideration and his appellate brief fails to amend his complaint successfully in this litigation.  *See Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 801-02 (7th Cir. 2008) (stating that a plaintiff cannot amend a complaint in an appeal to state a new claim); *see also United States v. Yannotti*, 457 F. Supp. 2d 385, 389 n.20 (S.D.N.Y. 2006) (noting that a plaintiff cannot raise new claims or legal theories in a motion for reconsideration).  Therefore, these additional claims are not properly part of this litigation and the district court did not err when it did not to recognize them.

25

III.    **The District Court Correctly Resolved All Jurisdictional Issues.**

The district court properly declined to exercise supplemental jurisdiction over the remaining state-law claims, and appropriately disregarded any grounds for federal jurisdiction that could not be gleaned from the complaint.

A.     **The Exercise of Supplemental Jurisdiction was Not Appropriate for the Remaining State-Law Claims.**

Richardson contends that the district court erred in refusing to exercise supplemental jurisdiction over the state-law claims raised in the complaint.[6]  *See* Appellant Brief at 15-17.  However, according to this Court's precedent, the district court's exercise of discretion was appropriate.[7]

Once a court dismisses all federal claims, "the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244-45 (2006); *see also Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996) (noting that supplemental

---

[6] Richardson's brief also makes much of the district court having failed to address his contention that Capital One failed to return an allegedly overpaid monthly payment to him.  *See* Appellant Brief at 7-8.  Because the complaint clearly states that the "failure to refund an excess monthly payment made on the loan violates the terms of the loan agreement," *see* Complaint at 4, this allegation is clearly part of his breach of contract claim and was dismissed without prejudice.

[7] Richardson also references several abstention doctrines in his appellate brief, *see* Appellant Brief at 15, however, the district court did not indicate that it was abstaining from exercising jurisdiction under such doctrines; therefore, abstention is not relevant to this matter.

"jurisdiction is a doctrine of discretion, not of plaintiff's right"). Courts are now specifically authorized by statute to decline supplemental jurisdiction over state-law claims when all federal claims have been dismissed:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1)  the claim raises a novel or complex issue of State law,
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)  *the district court has dismissed all claims over which it has original jurisdiction*, or
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (2006) (emphasis added).  "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 (1988).

Richardson contends that a policy of judicial economy required the district court to exert jurisdiction over his remaining state-law claims because the matter had been pending for at least four months before dismissal.  *See* Appellant Brief at 17.  This Court, however, has approved a dismissal in a case that had been ongoing for four *years* at the time of dismissal of the state-law claims.  *See Shekoyan v. Sibley, Int'l*, 409 F.3d 414, 423-24 (D.C. Cir. 2005) (noting that comity and

fairness pointed toward dismissal of the state-law claims). If anything, judicial economy of the federal courts requires that the state-law claims be dismissed in order to avoid what is essentially a state-law dispute.

Richardson also argues that exercise of federal jurisdiction would be proper because Capital One's national presence favors dispute resolution by a federal court.[8] *See* Appellant Brief at 15-17. This justification, however, does not overcome the "important underlying principle that federal courts should avoid entertaining decisions of state law when no federal issues remain." *Vigilant Ins. Co. v. EEMAX, Inc.*, 362 F. Supp. 2d 219, 221 (D.D.C. 2005) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966)). Indeed, national banks, as well as international corporations, are regularly and appropriately before state courts. State courts are perfectly capable of handling state-law claims against a large business entity.

Richardson further argues that the district court erred in failing to order remand of the state-law claims instead of dismissal without prejudice. *See* Appellant Brief at 15. Generally, when district courts decline to exercise

---

[8] Capital One also notes that Richardson's appeal to sympathy as to the inequity of dismissing his state-law claims because he is a *pro se* litigant, as well as a senior citizen and veteran, is irrelevant. *See* Appellant Brief at 17. This contention also ignores that Richardson appears to have at one time been a practicing attorney and has been a party to several cases challenging discipline he has received as a member of the District of Columbia bar and others. *See*, *e.g.*, *Richardson v. District of Columbia*, 711 F. Supp. 2d 115 (D.D.C. 2010); *Richardson v. D.C. Ct. of Appeals*, 962 F. Supp. 1 (D.D.C. 1997).

supplemental jurisdiction over pendant state-law claims after dismissing the federal-law claims, they have the discretion to order remand or dismissal without prejudice. *See Edmonson & Gallagher*, 48 F.3d at 1267 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 343, 108 S. Ct. at 614). Some courts have even noted that, where appropriate, it is preferable to remand state-law claims out of concern for judicial efficiency and conserving resources because it relieves the plaintiff from the costs associated with preparing and filing a new complaint. *See*, *e.g.*, *Davis v. District of Columbia*, 800 F. Supp. 2d 28, 36 n.4 (D.D.C.). However, remand was not an option here because this case originated in federal court. "[F]ederal tribunals lack authority to remand to the state court an action initiated in the federal court." *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2334 (2010); *see also Carnegie-Mellon Univ*., 484 U.S. at 351, 108 S. Ct. at 619 (noting that remand is not an option for cases that were originated in federal court). Thus, the district court did not err in not remanding this case remand because it had no authority to do so.

### B.     The District Court was Not Required to Read Additional Bases of Jurisdiction Into the Complaint.

As he did in his motion for reconsideration, Richardson continues to maintain that the district court erred in failing to consider *sua sponte* whether there were alternate grounds for jurisdiction, such as diversity and jurisdiction under the commerce clause. *See* Appellant Brief at 14-15; *see also* 28 U.S.C. §§ 1332, 1337

(2006).  However, he does not cite to, and Capital One is unable to locate, any legal authority that requires D.C. federal courts to do so.  *See M.F. v. State of N.Y. Exec. Dep't Div. of Parole*, 640 F.3d 491, 494 n.4 (2d Cir. 2011) (noting that courts within the Second Circuit must liberally construe complaints to determine any alternate means of jurisdiction).

Indeed, while courts of this circuit are not restricted to the asserted basis for jurisdiction if the factual allegations in the complaint fairly support alternatives, they are not required to read additional grounds into the complaint.  *See Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel*, 606 F.3d 780, 788 (D.C. Cir. 2010); *see also United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 389 n.7 (D.C. Cir. 1976) (finding additional basis of federal jurisdiction under federal question jurisdiction under facts fairly alleged in complaint).  Consequently, the district court did not have an obligation to assist Richardson in deriving additional bases for federal jurisdiction.  The district court thus did not err in declining to scour Richardson's complaint for alternative grounds of federal jurisdiction.

Richardson wrongly contends that the district court could have found either diversity or commerce clause jurisdiction for his breach of contract and D.C. Consumer Protection Procedures Act claims.  *See* Appellant Brief at 14.  Even if the district court had the obligation to plead jurisdiction properly for Richardson, his complaint did not provide factual support for it to do so.  First, commerce

clause jurisdiction does not apply to either of these claims.  According to 28 U.S.C. § 1337(a), "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  Neither of these state-law claims arises from any congressional act, therefore, the district court could not have found federal jurisdiction on a commerce clause basis.

Second, Richardson did not provide the factual basis to support diversity jurisdiction because, simply stated, he did not allege the citizenship of the parties in his complaint.  *See* Complaint at 1-2.  "Because federal courts are of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction. Accordingly, the party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action."  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983) (internal citations omitted).  Richardson did not meet the burden to plead the citizenship of all parties, therefore, the district court could not have found diversity jurisdiction based on the facts alleged in the complaint.

Richardson cannot show that the district court erred in declining to exercise jurisdiction over his state-law claims for breach of contract and violation of the D.C. Consumer Protection Act and dismissing the claims without prejudice after it

dismissed the only claim arising under federal law.  Thus, this Court should affirm the district court's jurisdictional decision.

## IV.  <u>The District Court Did Not Abuse Its Discretion in Denying Richardson Leave to Amend the Complaint</u>.

Finally, the district court did not abuse its discretion in denying Richardson leave to amend his complaint.  Richardson's basis for his requested amendment is the contention that amortized loans, which provide for loan payments in the early years of a loan to be allocated more towards interest than principal, are inherently predatory and unfair.  *See* Appellant Brief at 25.  This amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (recognizing futility of amendment as justification to deny leave to amend complaint).

The statute upon which Richardson brought his claim against Capital One specifically states that the actuarial method is the favored means of calculating interest for consumer loans.  *See* 15 U.S.C. § 1615(b).  Richardson also conceded that Capital One used the actuarial method in calculating his loan terms.  *See* Motion to Dismiss Opinion at 6 (noting that Richardson stated that Capital One used this method to calculate the loan terms and, consequently, conceded the claim under 15 U.S.C. § 1615); *see also* Opposition to Motion to Dismiss at 4 (noting that Capital One used the actuarial method in calculating his loan terms).  The actuarial method "bears a more direct relationship to the amount of money received and the time for which it is used, and in which 'true' interest yields are

32

produced" than does the Rule of 78s, but it still allocates payments more toward interest than principal in the early years of a loan. *Bone*, 493 F.2d at 137; *see also Gantt v. Commonwealth Loan Co.*, 573 F.2d 520, 524-25 (8th Cir. 1978) (noting that the reason for greater allocation of interest to the lender in the early years of an amortized loan is that is time when the borrower has use of the greatest portion of principal). Thus, Richardson's allegations about amortized loans being inherently predatory are futile because federal law supports the very type of amortized interest calculation to which he objects.

In addition, the district court properly denied Richardson's request for leave to amend because, as the district court noted, he failed to adhere to the local civil pleadings amendment rules, which require his request to be "accompanied by an original of the proposed pleading as amended." LCvR 7(i). Richardson does not address why he should be excused from these local requirements or why the district court erred in holding him to them. He should not be excused without explanation and the trial court did not abuse its discretion in declining the futile amendment.

Further, Richardson suffers no prejudice as a result of the district court's refusal to grant leave to amend the complaint. Richardson's state-law claims were dismissed without prejudice and he (still) retains the right to assert those claims in the Superior Court for the District of Columbia, if he so chooses. Accordingly, the

district court did not abuse its discretion in declining leave for Richardson to amend his complaint.

## CONCLUSION

For the reasons stated above, Capital One, N.A. respectfully requests that the U.S. Court of Appeals for the District of Columbia Circuit affirm the judgment of the district court, dismissing Richardson's claim pursuant to 15 U.S.C. § 1615 with prejudice and dismissing his remaining claims without prejudice.

Dated: December 10, 2012                    Respectfully submitted,

**CAPITAL ONE, N.A.**

*By Counsel*

/s/   Anand V. Ramana
Anand V. Ramana
Jessica D. Fegan
**MCGUIREWOODS LLP**
2001 K Street, N.W.
Suite 400
Washington, D.C.  20006-1040
(202) 857-1734
aramana@mcguirewoods.com
(202) 857-1728
jfegan@mcguirewoods.com

*Counsel for Appellee Capital One, N.A.*

34

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*8,210*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2010*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: December 10, 2012          /s/ Anand V. Ramana
                                   *Counsel for Appellee*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 10th day of December, 2012, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System.

I further certify that on this 10th day of December, 2012, I caused the required copies of the Brief of Appellee to be hand filed with the Clerk of the Court and a copy of the same to be served, via UPS Ground Transportation to:

T. Carlton Richardson
1505 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(202) 546-3505

*Appellant Pro Se*

/s/ Anand V. Ramana
*Counsel for Appellee*

# ADDENDUM

# ADDENDUM OF STATUTES

## 15 U.S.C. § 1615

**§ 1615.    PROHIBITION ON USE OF "RULE OF 78'S" IN CONNECTION WITH MORTGAGE REFINANCINGS AND OTHER CONSUMER LOANS.**

(a)    Prompt refund of unearned interest required.

(1) In general. If a consumer prepays in full the financed amount under any consumer credit transaction, the creditor shall promptly refund any unearned portion of the interest charge to the consumer.

(2) Exception for refund of de minimus [minimis] amount. No refund shall be required under paragraph (1) with respect to the prepayment of any consumer credit transaction if the total amount of the refund would be less than $ 1.

(3) Applicability to refinanced transactions and acceleration by the creditor. This subsection shall apply with respect to any prepayment of a consumer credit transaction described in paragraph (1) without regard to the manner or the reason for the prepayment, including--

(A) any prepayment made in connection with the refinancing, consolidation, or restructuring of the transaction; and

(B) any prepayment made as a result of the acceleration of the obligation to repay the amount due with respect to the transaction.

(b)    Use of "Rule of 78's" prohibited.  For the purpose of calculating any refund of interest required under subsection (a) for any precomputed consumer credit transaction of a term exceeding 61 months which is consummated after September 30, 1993, the creditor shall compute the refund based on a method which is at least as favorable to the consumer as the actuarial method.

(c)    Statement of prepayment amount.

(1)    In general. Before the end of the 5-day period beginning on the date an oral or written request is received by a creditor from a consumer for the disclosure of the amount due on any precomputed consumer credit account, the creditor or assignee shall provide the consumer with a statement of--

(A)    the amount necessary to prepay the account in full; and

I

(B)    if the amount disclosed pursuant to subparagraph (A) includes an amount which is required to be refunded under this section with respect to such prepayment, the amount of such refund.

(2)    Written statement required if request is in writing. If the customer's request is in writing, the statement under paragraph (1) shall be in writing.

(3)    1 free annual statement. A consumer shall be entitled to obtain 1 statement under paragraph (1) each year without charge.

(4)    Additional statements subject to reasonable fees. Any creditor may impose a reasonable fee to cover the cost of providing any statement under paragraph (1) to any consumer in addition to the 1 free annual statement required under paragraph (3) if the amount of the charge for such additional statement is disclosed to the consumer before furnishing such statement.

(d)    Definitions.  For the purpose of this section—

(1)    Actuarial method. The term "actuarial method" means the method of allocating payments made on a debt between the amount financed and the finance charge pursuant to which a payment is applied first to the accumulated finance charge and any remainder is subtracted from, or any deficiency is added to, the unpaid balance of the amount financed.

(2)    Consumer, credit. The terms "consumer" and "creditor" have the meanings given to such terms in section 103 of the Consumer Credit Protection Act [15 U.S.C. § 1602].

(3)    Creditor. The term "creditor"--

(A)    has the meaning given to such term in section 103 of the Consumer Credit Protection Act [15 U.S.C. § 1602]; and

(B)    includes any assignee of any creditor with respect to credit extended in connection with any consumer credit transaction and any subsequent assignee with respect to such credit.

II

## 28 U.S.C. § 1332

**§ 1332.        DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS.**

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--

  (1) Citizens of different States;

  (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title [28 U.S.C. § 1603(a)], as plaintiff and citizens of a State or of different States.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $ 75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) For the purposes of this section and section 1441 of this title [28 U.S.C. § 1441]--

  (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--

    (A) every State and foreign state of which the insured is a citizen;

    (B) every State and foreign state by which the insurer has been incorporated; and

    (C) the State or foreign state where the insurer has its principal place of business; and

III

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

(d) (1) In this subsection--

(A) the term "class" means all of the class members in a class action;

(B) the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

(C) the term "class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

(D) the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and costs, and is a class action in which--

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

IV

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

(A) (i) over a class action in which--

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

(5) Paragraphs (2) through (4) shall not apply to any class action in which--

(A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or

v

(B) the number of members of all proposed plaintiff classes in the aggregate is less than 100.

(6) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

(7) Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

(8) This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.

(9) Paragraph (2) shall not apply to any class action that solely involves a claim--

(A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. § 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. § 78bb(f)(5)(E));

(B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

(C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1)) and the regulations issued thereunder).

(10) For purposes of this subsection and section 1453 [28 U.S.C. § 1453], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.

(11) (A) For purposes of this subsection and section 1453 [28 U.S.C. § 1453], a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

(B) (i) As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2) [28 U.S.C. § 1711(2)]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

VI

(ii) As used in subparagraph (A), the term "mass action" shall not include any civil action in which--

    (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;

    (II) the claims are joined upon motion of a defendant;

    (III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or

    (IV) the claims have been consolidated or coordinated solely for pretrial proceedings.

(C) (i) Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407 [28 U.S.C. § 1407], or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407 [28 U.S.C. § 1407].

(ii) This subparagraph will not apply--

    (I) to cases certified pursuant to rule 23 of the Federal Rules of Civil Procedure; or

    (II) if plaintiffs propose that the action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

(D) The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court.

(e) The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

VII

## 28 U.S.C. § 1337

**§ 1337.     COMMERCE AND ANTITRUST REGULATIONS; AMOUNT IN CONTROVERSY, COSTS.**

(a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $ 10,000, exclusive of interest and costs.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where a plaintiff who files the case under section 11706 or 14706 of title 49, originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $ 10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of any interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) The district courts shall not have jurisdiction under this section of any matter within the exclusive jurisdiction of the Court of International Trade under chapter 95 of this title [28 U.S.C. §§ 1581 et seq.].

VIII

## 28 U.S.C. § 1367

**§ 1367.** **SUPPLEMENTAL JURISDICTION.**

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [28 U.S.C § 1332], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [28 U.S.C. § 1332].

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

  (1) the claim raises a novel or complex issue of State law,

  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

  (3) the district court has dismissed all claims over which it has original jurisdiction, or

  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.